UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 KWAME M. KILPATRICK,

Defendant.

_____/

Case:2:10-cr-20403
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-23-2010 At 02:55 PM
Indi USA v. Kwame Kilpatrick (KJG)

VIOLATIONS:   18 U.S.C. § 1341 (mail fraud)
18 U.S.C. § 1343 (wire fraud)
26 U.S.C. § 7206(1)(false tax return)
26 U.S.C. § 7201 (tax evasion)

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1.      Kilpatrick Civic Fund, Inc. ("the Civic Fund") was controlled by KWAME KILPATRICK.

2.      The Civic Fund was recognized as a tax exempt social welfare organization by the United States Department of the Treasury ("the Treasury Department") pursuant to Section 501(c)(4) of the Internal Revenue Code.

3.      On or about July 8, 1999, the Civic Fund received its tax exempt status after KWAME KILPATRICK caused an application to be submitted to the Treasury Department for recognition of the Civic Fund as a social welfare organization ("the application").

4.      The application claimed that the Civic Fund's purposes were the following:

a.      Promoting community activities that enhance the neighborhoods in which the citizens of Detroit reside as well as those activities that contribute to the betterment of

the lives of the youth of Detroit and its surrounding communities;

   b.   Providing information to the citizens of the City of Detroit and the State of Michigan about legislative issues affecting their lives and promoting the importance of voting and related activities; and

   c.   Participating in those activities that contribute to the redevelopment of a positive image of the City of Detroit and benefit the community at large.

   5.   The application further claimed that the Civic Fund had not spent and did not plan to spend any money attempting to influence the selection, nomination, election or appointment of any person to any federal, state, or local public office.

   6.   The application further claimed that, "[the Civic Fund] shall not participate or intervene in ... any political campaign on behalf of or against any candidate for public office."

   7.   The application further claimed that the Civic Fund would operate exclusively for charitable and educational purposes and that it would receive and administer its assets exclusively for charitable, educational, religious or scientific purposes.

   8.   The application further claimed that, "in the event of the dissolution [of the Civic Fund], all of [the Civic Fund's] assets ... shall be distributed to a 501(c)(4) organization with a similar purpose by majority vote of the Board of Director[s]."

   9.   KWAME KILPATRICK was aware of the contents of the application sent to the Treasury Department, including the claimed purposes and limitations of the Civic Fund.

## COUNTS ONE THROUGH THIRTEEN

(18 U.S.C. §§ 1341, 1343: Mail and Wire Fraud)

### D-1 KWAME M. KILPATRICK

1.      The Grand Jury incorporates by reference paragraphs 1 through 9 of the "General Allegations" above as if they were set forth in full herein.

### The Scheme and Artifice to Defraud

2.      Beginning in or about 1999, KWAME KILPATRICK devised a scheme and artifice to defraud donors to the Civic Fund of monies they donated to it.

3.      It was part of the scheme and artifice to defraud that KWAME KILPATRICK would claim to the Internal Revenue Service, the public, and potential donors that the Civic Fund was a social welfare organization that spent its funds in ways consistent with the purposes stated in its application for tax exempt status.  In truth and in fact, as he well knew, KWAME KILPATRICK used monies donated to the Civic Fund for personal expenses and for his political campaigns, neither of which was identified as one of the purposes of the Civic Fund.

4.      It was part of the scheme and artifice to defraud that KWAME KILPATRICK would hold events to raise money for the Civic Fund, at which he and others would claim to potential donors that the Civic Fund spent its funds in ways consistent with the purposes stated in its application for tax exempt status.

5.      It was part of the scheme and artifice to defraud that KWAME KILPATRICK would falsely claim to the news media that the Civic Fund was not used for his political campaigns.

6.      It was part of the scheme and artifice to defraud that KWAME KILPATRICK

-3-

would send and cause to be sent letters to donors and potential donors which claimed that the Civic Fund used its funds consistent with the purposes outlined in its application for tax exempt status and specifically stated that "No funds of the Civic Fund are donated to a political campaign."

      7.     It was part of the scheme and artifice to defraud that KWAME KILPATRICK caused Civic Fund Returns of Organization Exempt from Income Tax, Forms 990, to be submitted to the Department of the Treasury, Internal Revenue Service, for tax years 2003 through 2008, which misrepresented how the Civic Fund spent its funds.

      8.     Contrary to the representations KWAME KILPATRICK made and caused to be made to the IRS, the public and donors to the Civic Fund, KWAME KILPATRICK used monies donated to the Civic Fund for the following personal expenses, among others:

      a.     Cash kickbacks to KWAME KILPATRICK from an individual who worked for the Civic Fund, consisting of nearly half of the money the Civic Fund paid to that individual.

      b.     Money to friends and relatives, disguised as payments for purported services rendered to the Civic Fund;

      c.     Counter-surveillance and anti-bugging equipment;

      d.     Yoga lessons for KWAME KILPATRICK;

      e.     Golf-related expenses for KWAME KILPATRICK and others, including lessons, a set of Nike golf clubs, and a personalized golf bag;

      f.     Summer camp for KWAME KILPATRICK's children;

      g.     College tuition for relatives of KWAME KILPATRICK;

h.     A birthday party for a relative of KWAME KILPATRICK;

i.     A video documenting KWAME KILPATRICK's family history;

j.     A crisis manager to manage KWAME KILPATRICK's public image following the public disclosure of text messages sent to and received by KWAME KILPATRICK on a city-owned paging device;

k.     Personal moving costs for KWAME KILPATRICK and his family after he left the position of Mayor of Detroit and departed from the mayoral residence;

l.     Lease of a personal residence for KWAME KILPATRICK and his family after they departed from the mayoral residence;

m.     Personal travel, including hotel costs and airfare for KWAME KILPATRICK and his relatives and friends;

n.     Lease of a Cadillac DeVille for KWAME KILPATRICK; and

o.     Rental cars.

9.     KWAME KILPATRICK used monies donated to the Civic Fund for his campaigns for election and reelection to the office of Mayor of the City of Detroit, including, among other things, polling, focus groups, public relations, and political consulting.

10.     It was also part of the scheme and artifice to defraud that KWAME KILPATRICK, at the time he resigned as Mayor of Detroit in September 2008, attempted to purchase furniture from the Manoogian Mansion Restoration Society with money from the Civic Fund.

**Execution of the Scheme and Artifice to Defraud**

11.     On or about each of the dates set forth below, in the Eastern District of Michigan,

-5-

Southern Division, defendant KWAME KILPATRICK did, for the purposes of executing the scheme and artifice to defraud described above, and attempting to do so, knowingly cause the items described below to be delivered by U.S. mail or commercial interstate carrier (Federal Express), such items being delivered according to the directions thereon, each such mailing constituting a separate count of this indictment:

| Count | Date and Item Sent via U.S. Mail or Federal Express |
|-------|-----------------------------------------------------|
| 1 | June 22, 2006, donor check for $10,000 payable to the Civic Fund sent via Federal Express. |
| 2 | February 13, 2007, letter explaining the Civic Fund to donor sent via U.S. mail. |
| 3 | September 26, 2007, donor check for $5,000 payable to the Civic Fund sent via U.S. mail. |
| 4 | April 3, 2008, Civic Fund check in the amount of $4,500 for summer camp sent via Federal Express. |
| 5 | May 23, 2008, letter soliciting a donation and explaining the Civic Fund to donor sent via U.S. mail |
| 6 | June 4, 2008, Civic Fund check in the amount of $2,640 for summer camp sent via Federal Express. |
| 7 | June 4, 2008, donor check for $10,000 payable to the Civic Fund sent via Federal Express. |
| 8 | June 25, 2008, donor check for $1,000 payable to the Civic Fund sent via U.S. mail. |
| 9 | June 30, 2008, donor check for $4,000 payable to the Civic Fund sent via Federal Express. |
| 10 | July 23, 2008, letter explaining the Civic Fund to donor sent via U.S. mail. |

**All in violation of Title 18, United States Code, Section 1341**

12.     On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, KWAME KILPATRICK did, for the purposes of executing the scheme and artifice to defraud described above, and attempting to do so, knowingly cause to be transmitted by means of wire communication (fax) in interstate and foreign commerce certain documents, as listed below, each wire communication constituting a separate count of this indictment:

| Count | Date and Description of Wire Communication |
|-------|---------------------------------------------|
| 11    | August 24, 2007, letter soliciting a donation and explaining the Civic Fund sent to donor via fax. |
| 12    | April 3, 2008, letter explaining the Civic Fund sent to donor via fax. |
| 13    | June 20, 2008, letter soliciting a donation and explaining the Civic Fund sent to donor via fax. |

**All in violation of Title 18, United States Code, Section 1343.**

## COUNT FOURTEEN

(26 U.S.C. § 7206(1) -- Subscribing False Tax Return)

**D-1    KWAME M. KILPATRICK**

On or about April 11, 2004, in the Eastern District of Michigan, KWAME

KILPATRICK, a resident of Detroit, Michigan, did willfully make and subscribe a joint U.S.

Individual Income Tax Return, Form 1040, for calendar year 2003, which was verified by a

written declaration that it was made under the penalties of perjury, and which KWAME

KILPATRICK did not believe to be true and correct as to every material matter.  Specifically,

KWAME KILPATRICK did not believe the tax return to be true and correct as to every material

matter in that: (a) it failed to disclose that he had additional income in the form of cash, private

jet flights, and personal expenses paid for by the Civic Fund, amounting to at least $67,181,

which he well knew at that time he was required by law and regulation to disclose; and (b) it

stated on line 22 that his total income was $188,227, whereas, as he well knew at that time, his

total income was in excess of that amount.

**All in violation of Title 26, United States Code, Section 7206(1).**

## COUNT FIFTEEN

(26 U.S.C. § 7206(1) – Subscribing False Tax Return)

**D-1     KWAME M. KILPATRICK**

On or about April 15, 2005, in the Eastern District of Michigan, defendant KWAME KILPATRICK, a resident of Detroit, Michigan, did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2004, which was verified by a written declaration that it was made under the penalties of perjury, and which KWAME KILPATRICK did not believe to be true and correct as to every material matter.  Specifically, KWAME KILPATRICK did not believe the tax return to be true and correct as to every material matter in that: (a) it failed to disclose that he had additional income in the form of cash and private jet flights, amounting to at least $74,925, which he well knew at that time he was required by law and regulation to disclose; and (b) it stated on line 22 that his total income was $167,940, whereas, as he well knew at that time, his total income was in excess of that amount.

**All in violation of Title 26, United States Code, Section 7206(1).**

## COUNT SIXTEEN

(26 U.S.C. § 7206(1) – Subscribing False Tax Return)

**D-1     KWAME M. KILPATRICK**

On or about April 17, 2006, in the Eastern District of Michigan, defendant

KWAME KILPATRICK, a resident of Detroit, Michigan, did willfully make and subscribe a

joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2005, which was verified

by a written declaration that it was made under the penalties of perjury, and which KWAME

KILPATRICK did not believe to be true and correct as to every material matter.  Specifically,

KWAME KILPATRICK did not believe the tax return to be true and correct as to every material

matter in that: (a) it failed to disclose that he had additional income in the form of cash and

private jet flights, amounting to at least $11,279, which he well knew at that time he was required

by law and regulation to disclose; and (b) it stated on line 22 that his total income was $156,329,

whereas, as he well knew at that time, his total income was in excess of that amount.

**All in violation of Title 26, United States Code, Section 7206(1).**

## COUNT SEVENTEEN

(26 U.S.C. § 7206(1) – Subscribing False Tax Return)

**D-1      KWAME M. KILPATRICK**

On or about April 16, 2007, in the Eastern District of Michigan, defendant

KWAME KILPATRICK, a resident of Detroit, Michigan, did willfully make and subscribe a

joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2006, which was verified

by a written declaration that it was made under the penalties of perjury and which KWAME

KILPATRICK did not believe to be true and correct as to every material matter.  Specifically,

KWAME KILPATRICK did not believe the tax return to be true and correct as to every material

matter in that: (a) it failed to disclose that he had additional income in the form of cash, private

jet flights, and personal expenses paid for by the Civic Fund, amounting to at least $122,997,

which he well knew at that time he was required by law and regulation to disclose; and (b) it

stated on line 22 that his total income was $153,024, whereas, as he well knew at that time, his

total income was in excess of that amount.

**All in violation of Title 26, United States Code, Section 7206(1).**

## COUNT EIGHTEEN

(26 U.S.C. § 7206(1) – Subscribing False Tax Return)

**D-1    KWAME M. KILPATRICK**

On or about April 15, 2008, in the Eastern District of Michigan, defendant

KWAME KILPATRICK, a resident of Detroit, Michigan, did willfully make and subscribe a

joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2007, which was verified

by a written declaration that it was made under the penalties of perjury and which KWAME

KILPATRICK did not believe to be true and correct as to every material matter.  Specifically,

KWAME KILPATRICK did not believe the tax return to be true and correct as to every material

matter in that: (a) it failed to disclose that he had additional income in the form of cash, private

jet flights, and personal expenses paid for by the Civic Fund, amounting to at least $194,569,

which he well knew at that time he was required by law and regulation to disclose; and (b) it

stated on line 22 that his total income was $167,005, whereas, as he well knew at that time, his

total income was in excess of that amount.

**All in violation of Title 26, United States Code, Section 7206(1).**

## COUNT NINETEEN

(26 U.S.C. § 7201 – Income Tax Evasion)

**D-1     KWAME M. KILPATRICK**

1.       During the calendar year 2008, defendant KWAME KILPATRICK had and received unreported taxable income in the form of cash, private jet flights, and personal expenses paid for by the Civic Fund, amounting to at least $171,751.

2.       KWAME KILPATRICK owed the United States of America an income tax of $53,897 for this unreported taxable income.

3.       Well-knowing and believing the foregoing facts, KWAME KILPATRICK, in and between January 1, 2008 and April 13, 2009, in the Eastern District of Michigan, Southern Division, and elsewhere, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2008 and did take affirmative action to evade these taxes.  Specifically, he concealed income from the Internal Revenue Service in the following ways: (a) he caused to be filed a false joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2008; (b) he caused an individual employed by his mayoral campaign and associated non-profits to kick cash back to him from

-13-

wages paid to the individual by the campaign and non-profits; and (c) he caused the Civic Fund to pay for certain of his personal expenses and concealed such payments.

**All in violation of Title 26, United States Code, Section 7201.**

THIS IS A TRUE BILL.


s/Foreperson
FOREPERSON


BARBARA L. MCQUADE
United States Attorney


s/R. Michael Bullotta                          s/Mark D. Chutkow
R. MICHAEL BULLOTTA                    MARK D. CHUTKOW
Assistant United States Attorney         Assistant United States Attorney


Date:   June 23, 2010

Case:2:10-cr-20403
Judge: Edmunds, Nancy G
MJ: Majzoub, Mona K
Filed: 06-23-2010 At 03:13 PM
Indi USA v. Kwame Kilpatrick (KJG)

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Shee** |
|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   **[X]**

| **Companion Case Information** | **Companion Case Number and Judge Assigned:** |
|---|---|
| | 08-20418; U.S. v. Karl Kado; Hon. Marianne Battani<br>09-20025; U.S. v. James Rosendall; Hon. Avern Cohn<br>09-20559; U.S. v. Jerry Rivers; Hon. Gerald Rosen |

This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]:

| ■ **Yes**     ☐ **No** | AUSA's Initials: _RMB_ |
|---|---|

**Case Title:** USA v.  D-1 KWAME M. KILPATRICK

**County where offense occurred :** Wayne

**Check One:**     ■ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

   _X_ Indictment --- no prior complaint.
   ____Indictment/____Information --- based upon prior complaint [Case number: _____]
   ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____     **Judge:** _____

   ☐     Original case was terminated; no additional charges or defendants.
   ☐     Corrects errors; no additional charges or defendants.
   ☐     Involves, for plea purposes, different charges or adds counts.
   ☐     Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 23, 2010
_____
Date

R. MICHAEL BULLOTTA
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9507
Bar ID:  163401 (CA)
E-Mail: Michael.Bullotta@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.