

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 KWAME M. KILPATRICK,

                Defendant.

_____/

CRIM. NO. 10-20403

HON. NANCY G. EDMUNDS

## STIPULATION AND ORDER REGARDING TRIAL DATE AND FINDINGS RE EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT

IT IS HEREBY STIPULATED AND AGREED, by and between defendant Kwame M. Kilpatrick, through his attorney of record James Thomas, and the United States of America, through its attorney of record, that:

     1.     Defendant made his initial appearance on the indictment on July 13, 2010;

     2.     Pursuant to the Speedy Trial Act, trial in this matter, absent excludable time, would commence on or before September 21, 2010;

     3.     The court held a status conference with the parties on September 14, 2010, at which time the court discussed the case with the parties and set a subsequent status conference date of January 10, 2011;

     4.     Due to the nature of the prosecution, which follows a multi-year investigation by the FBI, IRS-CID, EPA-CID and United States Attorney's Office and includes, among other things, voluminous wiretap evidence and tape recorded conversations, thousands of pages of

reports of witness interviews and financial records, numerous grand jury witnesses and thousands of text messages, this case is so unusual and complex that is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act;

5.      The government has provided counsel for defendant a significant amount of discovery to date, including wiretap evidence, interview reports and records relating to the tax and mail fraud charges contained in the indictment;

6.      Counsel for defendant must review all of the discovery provided and effectively prepare for pretrial proceedings and trial, which cannot be accomplished within the time period of the Speedy Trial Act, taking into account the exercise of due diligence; and

7.      The period from September 14, 2010, through January 10, 2011, inclusive, is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), as a period of delay resulting from a continuance requested by counsel for defendant and counsel for the government. The ends of justice served outweigh the best interest of the public and the defendant in a speedy trial because the case is so unusual and complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial within the time

limits of the Speedy Trial Act, and to allow counsel for the defendant the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

**SO STIPULATED:**

DATED: September 14, 2010

R. MICHAEL BULLOTTA
Assistant United States Attorney

DATED: September 14, 2010

MARK D. CHUTKOW
Assistant United States Attorney

DATED: September 14, 2010

JAMES THOMAS
Counsel for defendant Kwame M. Kilpatrick

**SO ORDERED:**

DATED: 9/14/10

THE HONORABLE NANCY G. EDMUNDS
United States District Judge