UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

D-1    KWAME M. KILPATRICK,
D-2    BOBBY W. FERGUSON,
D-3    BERNARD N. KILPATRICK,
D-4    VICTOR M. MERCADO, and
D-5    DERRICK A. MILLER,

          Defendants.
_____/

CRIMINAL NO. 10-20403

HON. NANCY G. EDMUNDS

### *REVISED* STIPULATION AND ORDER REGARDING USE AND DISCLOSURE OF DISCOVERY MATERIALS

IT IS HEREBY STIPULATED AND AGREED, by and between defendant Kwame M. Kilpatrick through his attorney James Thomas, Bobby W. Ferguson through his attorney Gerald Evelyn, Bernard N. Kilpatrick through his attorney John Shea, Victor M. Mercado through his attorney Martin Crandall, Derrick A. Miller through his attorney Byron Pitts, and the United States of America, through its attorneys of record, that:

1.    For the purpose of allowing the defendants to adequately prepare for trial, the government will be making early disclosures to counsel for defendants of certain materials gathered during the government's investigation.

2.    These materials are extensive, and will include, among other things, grand jury transcripts, reports of witness interviews, intercepted telephone conversations, audio and video

recordings of conversations, text messages, personal and corporate bank records, federal income tax returns and return information, and invoices and receipts ("the discovery materials").

  3. Due to the sensitive nature of the discovery materials, which include confidential materials the disclosure of which might impact the privacy interests of the defendants, witnesses and victims, the parties hereby agree to the following restrictions on the use and disclosure of the discovery materials:

    a. Counsel for defendants may share the discovery materials only with defendants, investigators or experts working with defense counsel, and defense counsel's support staff ("members of the defense team"), and may only share them as needed to provide a defense for defendants in this case, including any direct appeal;

    b. Counsel for defendants may use the discovery materials to question or prepare potential witnesses, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery materials, except that a copy of an interview report of a certain witness or a grand jury transcript of that witness may be given to the witness who is the subject of the interview or the giver of the testimony;

    c. Counsel for defendants, prior to disclosing any discovery materials to any member of the defense team, will inform persons receiving discovery materials of the disclosure limitations of this stipulation and order;

    d. Defendants shall make no disclosures of the discovery materials to anyone who is not a member of their defense team;

    e. The defendants and their counsel understand and agree that all of the

defendants will be given the same discovery, which means that some of a particular defendant's personal information, such as tax information, bank records and other personal information that may be covered by the Privacy Act, will be shared with all of his co-defendants and their attorneys; and

   f. The government will only share the discovery materials with the prosecution team and as reasonably necessary in the preparation of its witnesses.

  4. Should the parties wish to attach any discovery materials to any pleading filed with the court, those discovery materials shall be filed under seal. Similarly, the identifies of confidential informants will not be identified in public pleadings or pretrial hearings without authorization of the court.

  5. Within ninety (90) days of the conclusion of the trial (or any direct appeal therefrom), counsel for defendants and the defendants shall return all discovery materials to the government, along with all copies thereof, or cause such discovery materials and copies to be destroyed.

  6. The defendants' need for the discovery materials outweighs the Privacy Act interests involved, pursuant to 5 U.S.C. 552a. To the extent that the disclosure of the discovery materials pursuant to this stipulation and order may result in the disclosure of information protected from non-consensual distribution by the Privacy Act, the parties are authorized to disclose such information and shall not be found to have violated the Privacy Act by such disclosures.

  7. To the extent that the discovery materials include grand jury material, the court

authorizes the government to disclose such material pursuant to Fed. R. Crim. P. 6(e)(3)(E).

8. The restrictions in this Stipulation supersedes and replaces the Stipulation and Order Regarding Use and Disclosure of Discovery Materials entered by the court on June 13, 2010, and shall remain in effect until further order of the Court.

**SO STIPULATED**:

| | |
|---|---|
| DATED: January 13, 2011 | s/R. Michael Bullotta<br>R. MICHAEL BULLOTTA<br>Assistant United States Attorney |
| DATED: January 13, 2011 | s/Mark D. Chutkow<br>MARK D. CHUTKOW<br>Assistant United States Attorney |
| DATED: January 28, 2011 | s/James Thomas<br>JAMES THOMAS<br>Counsel for defendant Kwame M. Kilpatrick |
| DATED: January 28, 2011 | s/Kwame M. Kilpatrick<br>KWAME M. KILPATRICK<br>Defendant |
| DATED: January 31, 2011 | s/Gerald Evelyn<br>GERALD EVELYN<br>Counsel for defendant Bobby W. Ferguson |
| DATED: February 2, 2011 | s/Bobby W. Ferguson<br>BOBBY W. FERGUSON<br>Defendant |
| DATED: January 13, 2011 | s/John Shea<br>JOHN SHEA<br>Counsel for defendant Bernard N. Kilpatrick |

DATED: February 13, 2011        s/Bernard N. Kilpatrick
                                BERNARD N. KILPATRICK
                                Defendant

DATED: January 17, 2011         s/Martin E. Crandall
                                MARTIN E. CRANDALL
                                Counsel for defendant Victor M. Mercado

DATED: January 17, 2011         s/Victor M. Mercado
                                VICTOR M. MERCADO
                                Defendant

DATED: January 24, 2011         s/Byron Pitts
                                BYRON PITTS
                                Counsel for defendant Derrick A. Miller

DATED: February 24, 2011        s/Derrick A. Miller
                                DERRICK A. MILLER
                                Defendant

**SO ORDERED:**


                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated:  March 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2011, by electronic and/or ordinary mail.

                                s/Carol A. Hemeyer
                                Case Manager