UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1   KWAME M. KILPATRICK,
D-2   BOBBY W. FERGUSON,
D-3   BERNARD N. KILPATRICK,
D-4   VICTOR M. MERCADO, and
D-5   DERRICK A. MILLER,

                Defendants.
_____/

CRIM. NO. 10-20403

HON. NANCY G. EDMUNDS

## STIPULATION AND ORDER REGARDING TRIAL DATE AND FINDINGS RE EXCLUDABLE TIME UNDER THE  SPEEDY TRIAL ACT

IT IS HEREBY STIPULATED AND AGREED, by and between defendant Kwame M. Kilpatrick and his attorney James Thomas, defendant Bobby W. Ferguson and his attorney Gerald Evelyn, defendant Bernard N. Kilpatrick and his attorney John Shea, defendant Victor M. Mercado and his attorney Martin Crandall, defendant Derrick A. Miller and his attorney Byron Pitts, and the United States of America, through its attorneys of record, that:

1.      Defendant Kwame M. Kilpatrick made his initial appearance on the indictment on July 13, 2010;

2.      Defendants Kwame M. Kilpatrick, Bobby W. Ferguson, Bernard N. Kilpatrick, Victor M. Mercado and Derrick A. Miller made their initial appearance on the First Superseding Indictment on January 10, 2011;

3.     The court held a status conference with the parties on January 10, 2011, at which time the court discussed the case with the parties and set a subsequent status conference date of April 13, 2011;

4.     The court held a second status conference with the parties on April 13, 2011, at which time the court set a trial date of September 6, 2012, as well as a status conference date of June 27, 2011;

5.     Due  to the nature of the prosecution, which follows a multi-year investigation by the FBI, IRS-CID, EPA-CID and United States Attorney's Office and includes, among other things, voluminous wiretap evidence and tape recorded conversations, thousands of pages of reports of witness interviews and financial records, numerous grand jury witnesses and hundreds of thousands of text messages, this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act;

6.     Counsel for defendants must review all of the discovery and effectively prepare for pretrial proceedings and trial, which cannot be accomplished within the time period of the Speedy Trial Act, taking into account the exercise of due diligence; and

7.     The period from April 13, 2011, through September 6, 2012, inclusive, is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), as a period of delay resulting from a continuance requested by counsel for defendants and counsel for the government.  The ends of justice served outweigh the best interest of the public and the defendant in a speedy trial because the case is so unusual and complex due to the nature of the

prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings and for

trial within the time limits of the Speedy Trial Act, and to allow counsel for the defendants the

reasonable time necessary for effective preparation, taking into account the exercise of due

diligence.


**SO STIPULATED:**

DATED: April 13, 2011          s/R. Michael Bullotta_____
                               R. MICHAEL BULLOTTA
                               Assistant United States Attorney


DATED: April 13, 2011          s/Mark D. Chutkow_____
                               MARK D. CHUTKOW
                               Assistant United States Attorney



DATED: June 28, 2011           s/Kwame M. Kilpatrick_____
                               KWAME M. KILPATRICK
                               Defendant


DATED: June 28, 2011           s/James Thomas_____
                               JAMES THOMAS
                               Counsel for defendant Kwame M. Kilpatrick


DATED: April 19, 2011          s/Bobby W. Ferguson_____
                               BOBBY W. FERGUSON
                               Defendant


DATED: April 19, 2011          s/Gerald Evelyn_____
                               GERALD EVELYN
                               Counsel for defendant Bobby W. Ferguson

3

DATED: May 24, 2011          s/Bernard N. Kilpatrick
                             BERNARD N. KILPATRICK
                             Defendant


DATED: May 24, 2011          s/John Shea
                             JOHN SHEA
                             Counsel for defendant Bernard N. Kilpatrick


DATED: May 24, 2011          s/Victor M. Mercado
                             VICTOR M. MERCADO
                             Defendant


DATED: May 24, 2011          s/Martin Crandall
                             MARTIN CRANDALL
                             Counsel for defendant Victor M. Mercado


DATED: May 2, 2011           s/Derrick A. Miller
                             DERRICK A. MILLER
                             Defendant


DATED: April 18, 2011        s/Byron Pitts
                             BYRON PITTS
                             Counsel for defendant Derrick A. Miller


The Court finds that the ends of justice are served by granting a continuance and that the continuance outweighs the best interests of the public and Defendants in a speedy trial. Due to the number of Defendants, the nature of the prosecution, and the existence of novel questions of fact and law, this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the

4

Speedy Trial Act.  Accordingly, for the reasons stated more fully on the record and because

Defendants' rights to due process and to effective assistance of counsel outweigh the public's

and Defendants' interests in a speedy trial, this Court finds that the period of delay between

April 13, 2011 and September 6, 2012 is excludable under 18 U.S.C. § 3161(h)(7)(A).

**IT IS FURTHER ORDERED** that trial shall begin on <u>**September 6, 2012  at 9:00 a.m.**</u>


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

5