UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Hon. Nancy G. Edmunds
                                               Case No. 10-20403

v.

KWAME M. KILPATRICK,

        Defendant.
_____/

## MOTION A HEARING ON THE ADMISSIBILITY OF STATEMENTS MADE UNDER FRE 801(d)(2)(E)

NOW COMES defendant Kwame M. Kilpatrick, by and through his attorneys, James C. Thomas and Michael C. Naughton, of counsel to O'Reilly Rancilio, P.C. and moves this Honorable Court, pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) and United States v. Vinson, 606 F.2d 149 (6th Cir. 1979), to order a hearing prior to the trial of this matter to determine whether hearsay statements proposed by the Government are admissible under FRE 801(d)(2)(E).

    1.      On July 13, 2010, the above-named Defendant, Kwame M. Kilpatrick was arraigned on an Indictment alleging Mail Fraud in violation of 18 USC § 1341; Wire Fraud in violation of 18 USC § 1343; False Tax Return in violation of 26 USC § 7206(1) and Tax Evasion in violation of 26 USC § 7201.

    2.      Since that time, there have been four subsequent iterations of the Indictment. The Fourth Superseding Indictment in this case is in excess of 100 pages long and contains 46 numbered counts, including *inter alia* RICO conspiracy charges in

1

violation of 18 USC § 1962(d). The alleged conspiracy ranges from the time that the defendant was in the State of Michigan House of Representatives in his mid-twenties. The government has provided approximately a terabyte of electronic discovery and the defense has conducted a detailed review and analysis of the discovery within the time frames dictated by the Court.  In addition to electronic discovery, there are thousands of pages of reports, search warrants, transcripts, wiretap applications, and reports mandated by statute. It is from these materials that the defense has been requested to identify potential issues for motions due on or before May 29, 2012.

3.     Based upon the nature of the charges in the current iteration of the Indictment and the number of witnesses so far provided by the Government, it is anticipated that the Government will attempt to admit several hearsay statements made by alleged co-conspirators against Mr. Kilpatrick, in accordance with FRE 801(d)(2)(E), under the theory that such statements were made during the course and in furtherance of the alleged conspiracy. It is further believed that the Government is going to bolster their theory of admissibility by asserting that the statements made by the alleged co-conspirators amount to verbal acts. Counsel anticipates that the Government may attempt to argue that certain statements are "verbal acts."  United States v. Childs, 539 F.3d 552 (6th Cir. 2008).  In order to properly qualify as a verbal act, the words must independently constitute a crime.  United States v. Lawson, 2009 WL 4720325, *2 (E.D. Kentucky 2009).

4.     The doctrine of verbal acts only applies in circumstances "where the out-of-court statement actually 'affects the legal rights of the parties, or where 'legal

consequences flow from the fact that the words were said.'" Echo Acceptance Corp. v. Household Retail Services, Inc., 267 F.3d 1068 (2001), *quoting* United States v. Pungitore, 965 F. Supp. 666, 673 n.1 (E.D. Pa. 1997).

5.      Counsel submits that upon information and belief, the statements that the Government intends to offer may be inadmissible. This Honorable Court must determine the admissibility of a statement of an alleged co-conspirator is admissible under FRE 801(d)(2)(E). United States v. Bourjaily, 483 U.S. 171 (1987); United States v. Enright, 579 F.2d 980, 987 (6th Cir. 1978).

6.      The party seeking to offer such hearsay statements, once challenged, bears the burden to prove the foundational facts relevant to admissibility under Fed. R. Evid. 801(d)(2)(E) by a preponderance of the evidence. United States v. Bourjaily, 483 U.S. at 176 (1987).

7.      This Honorable Court has required the Government to provide counsel for the defense with a list of witnesses on or before June 1, 2012. In addition, the Government is required to provide counsel with a list of exhibits and witness summaries on or before June 25, 2012. Counsel submits this motion in anticipation of the Government's identification of the statements that it intends to introduce. Counsel reserves the right to specifically supplement this motion after June 25, 2012.

8.      The Government, as the party seeking to offer such statements, must prove three elements: the existence of the conspiracy, the defendant against whom the statement is sought to be offered was a member of the conspiracy, and the hearsay statement was made during the course and in furtherance of the conspiracy. FRE 801(d)(2)(E); *see also*

United States v. Vinson, 606 F.2d 149 (6th Cir. 1979). "Idle chatter" and "casual conversation" have been held to not be "in furtherance" of a conspiracy. United States v. Cornett, 578 F.3d 776, 784 (5th Cir. 1999).

9.    There are three options for this Honorable Court to utilize in making a determination as to the admissibility of statements under FRE 801(d)(2)(E):

> (1) a pretrial hearing may be held whereby the Court, without the jury, hears the Government's proof of the conspiracy and makes a preliminary finding under Enright;
> (2) the Government may be required to meet its initial burden by producing the non-hearsay evidence of conspiracy prior to making a finding pursuant to Enright; and
> (3) conditionally admit the hearsay statements subject to a later determination of the admissibility by a preponderance of the evidence. Vinson, 606 F.2d at 151-53.

Counsel for the defense believes that the most important way of dealing with this issue is to require the Government to identify the statements that they intend to introduce by the above rule or as a verbal act and to conduct an evidentiary hearing, pre-trial, as to the admissibility of each of those statements. In this fashion, there will be an orderly flow of admission of evidence to the jury that has already been determined. There will not be the necessity of early morning hearings or down time for the jury.

10.    To the extent this Honorable Court delays a hearing on the Enright motion, the Court faces the possibility that if the Government fails to meet its burden at the end of the case, a mistrial be declared.

11.    The admission of hearsay statements must also be scrutinized under the balancing test of Fed. R. Evid. 403 and should be excluded if the statement's probative value is substantially outweighed by the potential for unfair prejudice, jury confusion, or

delay.

12.    In compliance with Eastern District of Michigan Local Court Rule 7.1, concurrence on these issues was sought and the Government denied concurrence.

WHEREFORE, Kwame Kilpatrick respectfully requests this Honorable Court hold a pretrial <u>Enright</u>/<u>Vinson</u> hearing to determine the admissibility of the hearsay statements at which time it will be requested that this Honorable Court enter an order prohibiting the Government from use of such hearsay and verbal acts statements.

Respectfully submitted,

O'REILLY RANCILIO, P.C.

By:_____
James C. Thomas P23801
Michael C. Naughton P70856
Attorney for Kwame M. Kilpatrick
2500 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420

Dated: May 29, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Hon. Nancy G. Edmunds
                                                Case No. 10-20403

v.

KWAME M. KILPATRICK,

        Defendant.
_____/

## BRIEF IN SUPPORT OF MOTION A HEARING ON THE ADMISSIBILITY OF STATEMENTS MADE UNDER FRE 801(d)(2)(E)

NOW COMES defendant Kwame M. Kilpatrick, by and through his attorney, James C. Thomas and Michael C. Naughton, of counsel to O'Reilly Rancilio, P.C. and moves this Honorable Court, pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) and United States v. Vinson, 606 F.2d 149 (6th Cir. 1979), to order a hearing to determine whether hearsay statements are admissible under FRE 801(d)(2)(E).

## I.  FACTUAL BACKGROUND

As this Court is very well aware, Defendant Kilpatrick is the former Mayor of the City of Detroit. Prior to his election as Mayor, Mr. Kilpatrick served in the Michigan Legislature as a member of the Michigan House of Representatives from 1996 to 2000. He was elected Mayor in November, 2001.

The charges in the Fourth Superseding Indictment are broad, spanning a series of allegations dating back to 1996, more than a decade ago. In the present matter there are over 500 witnesses. Defense counsel has received over 300 grand jury transcripts. Not all

of these transcripts are for one individual, as some people testified multiple times at the grand jury.

Although counsel does not yet know every piece of evidence the Government seeks to introduce at trial, based upon a review of the discovery, it is clear that the Government will be seeking to introduce into evidence myriad forms of communications that it deems admissible under Fed. R. Evid. 801(d)(2)(E).

## II. APPLICABLE LAW

The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). *See* United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008).

This Honorable Court has the responsibility to determine whether a statement of an alleged co-conspirator is admissible under Fed. R. Evid. 801(d)(2)(E). United States v. Bourjaily, 483 U.S. 171 (1987); United States v. Enright, 579 F.2d 980, 987 (6th Cir. 1978).

Fed. R. Evid. 801(d)(2)(E) states:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>    *  *  *
>  (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>      *  *  *
>   (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The party seeking to offer such hearsay statements bears the burden to prove the

foundational facts relevant to admissibility under FRE 801(d)(2)(E) by a preponderance of the evidence.  United States v. Bourjaily, 483 U.S. at 176 (1987).

To admit the proffered statements, the Government must prove the existence of the conspiracy using a three-part test, commonly referred to in the Sixth Circuit as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).  First, the Government must prove that the alleged conspiracy existed. Second, the Government must show that a defendant against whom the statement is sought to be offered was a member of the conspiracy.  In order to be found a member of a conspiracy, the alleged conspirator must have the "specific intent, actual or implied, to violate federal law." United States v. Searan, 259 F.3d 434, 441 (6th Cir. 2001).  The alleged conspirator must have, at a minimum, knowledge "of the essential nature of the plan."  United States v. Blumenthal, 332 U.S. 539, 557 (1947); United States v. Franklin, 608 F.2d 241, 246 (6th Cir. 1979). Specifically, "one who has no knowledge of the object of the conspiracy cannot be a conspirator, for the intent to participate is lacking … Moreover, evidence of knowledge must be clear and not equivocal." Stanley v. United States, 245 F.2d 427, 430 (6th Cir. 1957)(citing Direct Sales Co. v. United States, 319 U.S. 703 (1943)). The third prong of the Enright analysis is to determine if the hearsay statement was made during the course and in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E); see also United States v. Vinson, 606 F.2d 149 (6th Cir. 1979).  "Idle chatter" and "casual conversation" are not "in furtherance" of a conspiracy.  United States v. Cornett, 578 F.3d 776, 784 (5th Cir. 1999).

This Honorable Court must make a factual finding, based upon Fed. R. Evid.

104(a), to determine if the Government met its burden of proof.  This Court must "exercise judicial fact-finding responsibilities which … require [it] to evaluate both credibility and weight of the evidence." James R. Snyder Co. v. Assoc. Gen. Contractors, 677 F.2d 1111, 1116-7 (6th Cir. 1982) (*quoting* Enright, 579 F.2d at 985.)  The Court may not rely only upon the out-of-court statements.  "Because hearsay is presumptively unreliable, sufficient independent and corroborating evidence of [the alleged conspirator's] knowledge and participation in the conspiracy must be produced to rebut and overcome the presumed unreliability of the proffered out-of-court statement." United States v. Conrad, 507 F3d 424, 429 (6th Cir. 2007).

Procedurally, the Sixth Circuit has recognized three options for this Honorable Court to make a determination as to the admissibility of statements under FRE 801(d)(2)(E): (1) a pretrial hearing may be held whereby the Court, without the jury, hears the Government's proof of the conspiracy and makes a preliminary finding under Enright; (2) the Government may be required to meet its initial burden by producing the non-hearsay evidence of conspiracy prior to making a finding pursuant to Enright; and (3) conditionally admit the hearsay statements subject to a later determination of the admissibility by a preponderance of the evidence.  Vinson, 606 F.2d at 151-53. Counsel has suggested in the body of its motion that the preferable procedure to be to have a pretrial evidentiary hearing wherein the Government would submit the hearsay statements to the Court for consideration and that specific argument would be had as to each claim.

Counsel anticipates that the Government may additionally attempt to argue that

the statements are a "verbal act." United States v. Childs, 539 F.3d 552 (6th Cir. 2008). In order to properly qualify as a verbal act, the words themselves must independently constitute a crime. United States v. Lawson, 2009 WL 4720325, *2 (E.D. Kentucky 2009). The doctrine of verbal acts only applies in circumstances "where the out-of-court statement actually 'affects the legal rights of the parties, or where 'legal consequences flow from the fact that the words were said.'" Echo Acceptance Corp. v. Household Retail Services, Inc., 267 F.3d 1068 (2001), quoting United States v. Pungitore, 965 F. Supp. 666, 673 n.1 (E.D. Pa. 1997).

## III. FACTUAL ANALYSIS

Any form of factual analysis is strained because the Government has not yet articulated which of the several forms of verbal, recorded or textual communications it will rely upon at trial.[1] Notwithstanding, it is anticipated that the Government will rely upon alleged text messages and other forms of communication to support their case. There is no specificity yet in terms of what communications the Government will be seeking to introduce. The factual argument will become more clear when the exhibit list and witness summaries are made available on June 25, 2012. Until that time, counsel reserves the right to challenge each of the communications the Government attempts to introduce.

## IV. CONCLUSION

Defendant Kilpatrick respectfully requests this Honorable Court to conduct an

---

[1] Concomitantly with the defendant's obligation to motions, the Government will be filing their Motion for Admissibility of certain textual messages.

evidentiary hearing at the conclusion of which entering an order prohibiting the use of inadmissible hearsay and verbal acts evidence.

Respectfully submitted,

O'REILLY RANCILIO, P.C.

By:_____/s/_____
James C. Thomas P23801
Michael C. Naughton P70856
Attorney for Kwame M. Kilpatrick
2500 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420

Dated: May 29, 2012

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing all parties of record.


<u>/s/ James C. Thomas</u>
James C. Thomas