UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                               Hon. Nancy G. Edmunds
                                                               Case No. 10-20403

v.

KWAME M. KILPATRICK, et al

       Defendant.
_____/

**CONSOLIDATED MOTION AND MEMORANDUM IN SUPPORT FOR DISCLOSURE JURY WHEEL MATERIALS AND FOR AN EVIDENTIARY HEARING**

      NOW COMES defendant Kwame M. Kilpatrick, by and through his attorneys, James C. Thomas and Michael C. Naughton, of counsel to O'Reilly Rancilio, P.C. and moves this Honorable Court, pursuant to the Fifth Amendment and Sixth Amendment to the United States Constitution as well as 28 U.S.C. §§ 1861 through 1874, respectfully requests this Honorable Court to Dismiss the Indictment based upon improper Grand Jury selection and for an evidentiary hearing as it relates to the Grand and Petit Jury selection process. In support, Mr. Kilpatrick states as follows:

1. Kwame M. Kilpatrick is charged in the above entitled matter in a Fourth Superseding Indictment which alleges several counts of federal violations including racketeering, in violation of 18 U.S.C. § 1962(d).

2. The trial for this matter is scheduled for September 6, 2012 before this Honorable Court. The deadline for filing motions set in this matter is May 29, 2012. Issues

1

relating to challenges for the jury selection process must be raised prior to trial, hence the necessity of filing this motion before jurors are selected to serve. Mr. Kilpatrick has standing to challenge the jury selection process that is to be initiated in the above-entitled case. United States v. Ovalle, 136 F.3d. 1092 (6th Cir. 1998).

3. The Jury Selection and Services Act of 1968, 28 U.S.C. § 1861, et seq., controls the grand jury and petit jury selection process for the Eastern District of Michigan. The random jury selection plan for each district shall:

> Specify whether the names of prospective jurors shall be selected from the voter registration lists or the lists of actual voters of the political subdivisions within the district or division. The plan shall prescribe some other source or sources of names in addition to voter lists where necessary to foster the policy and protect the rights secured by § 1861 and 1862 of this title.

28 U.S.C. 1863(b)(2)

4. The right to a trial by jury is promulgated by Section 1861, which states "grand jury and petit juries selected at random from a fair cross-section of the community."

5. Members of the community may not be excluded from jury service based upon "race, color, religion, sex, national origin, or economic status." 28 U.S.C. § 1862. African Americans are a cognizable group under this federal law.

6. The Jury Selection process for this Honorable Court is currently set forth in Administrative Order Number 11-AO-006, signed by the Chief Judge Gerald E. Rosen. (See attached Exhibit 1). Specifically, this Honorable Court's master jury

wheel is comprised of 300,000 names drawn from the voter registration lists from the following counties in the Eastern District of Michigan:

- Jackson County
- Lenawee County
- Macomb County
- Monroe County
- Oakland County
- St. Clair County
- Sanilac County
- Washtenaw County
- Wayne County

7. The above Administrative Order also establishes a mathematical formula to comprise a proportional representation of people from these counties in the jury wheel for Eastern District of Michigan, Detroit Division. In coming to the representative population, the formula relies solely upon the number of registered voters. This procedure is different than the prior Administrative Order governing jury selection in that it does not utilize a subtraction method in order to address inequities in the proportional representation of jurors to be selected.[1]

8. It is anticipated that the 2000 jury selection procedure will be used in selecting the petit jury in the instant matter, and was the method used in selecting the grand jury in this matter.

9. Mr. Kilpatrick asserts that the Jury Selection and Services Act of 1968 ensures that "the policy of the United States [is] that all citizens shall have the opportunity to

---

[1] Compare Juror Selection Plan, EDM signed by then Chief Judge Lawrence P. Zatkoff, 00-AO-083.

3

be considered for service on grand and petit juries in the district courts of the United States." 28 U.S.C. § 1861.

10. To establish a prima facie violation of the Sixth Amendment right to a grand or petit jury selected from a "fair cross section of the community," a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979).

11. In order to establish a prima facie violation of the Fifth Amendment right to equal protection, your defendant must satisfy the three-part test that significantly overlaps the Duran Sixth Amendment test cited above. In addition, Mr. Kilpatrick must show that the selection process used in this district is either susceptible to abuse or not racially neutral. United States v. Ovalle, 136 F.3d 1092, 1104 (6th Cir. 1998).

12. Defendant asserts that there have been violations of equal protection, the right to a jury comprised of a fair cross section of the community and a statutory violation referred to herein.

13. The data that is computed is based upon the formula that represents percentages of the population of each county. A racial demographic composition for the Eastern District of Michigan, Detroit-Division, as defined in the Administrative Order is

not computed in the formula; it is comprised merely of geographical data. There appears to have been no analysis based upon identifiable groups of citizens. Relying upon data from the 2010 United States Census, as provided by the United States Census Bureau, the composition of Caucasian individuals from the cumulative population of all of the nine counties in the Detroit jury pool is approximately 72.34%. The composition of African American individuals from that same study for all of the nine counties in the Detroit jury pool is approximately 22.76%. (See attached Exhibits 2 – 10, data from the United States Census Bureau on the counties listed in the most recent administrative order.) By way of example, a study in 2006 was conducted wherein for the Eastern District of Michigan, Detroit-Division, only 9.89% of the jurors in the qualified wheel were African American.

14. According to a recent article by the Detroit Free Press, <u>African American Potential Juror in the Ferguson Trial Says Her Dismissal Was Unfair, Detroit Free Press</u>, dated May 11, 2012, the jury selection process in co-Defendant Bobby Ferguson's trial before the Honorable David Lawson resulted in only one African American juror being selected. The original jury pool was comprised of 116 people, only eight of whom were African Americans (6.89%). Ultimately, the jury seated was comprised of ten white people, one African American woman and an individual of unknown race. (See attached Exhibit 11 and 12).

15. There have been a number of challenges to the jury selection process in the Eastern District of Michigan. "Regardless of what causes African Americans to be

5

underrepresented, it is a problem which has the potential to seriously undermine the public's perception of, and confidence in, the integrity of the jury system." *See* United States v. Bates, 2009 WL 5033928 at page 19 (E.D. Mich. 12/15/09, unpublished) (See attached Exhibit 13). Judge Victoria A. Roberts Opinion and Order addressed the jury selection process in the Eastern District of Michigan as it existed in 2006.

16. While Judge Roberts denied the defendant's untimely request for relief in that matter, significant issues were identified relating to the constitutionality of the Eastern District of Michigan's jury selection plan. Upon information and belief, there has been an unwillingness to amend the jury selection plan since that opinion even though other federal districts have already done so. Judge Roberts recognized an ongoing and persistent trending towards further disparity in the Detroit-Division juries from one year and one jury wheel to the next. This disparity continues. Judge Roberts quoted Professor Jeffrey Abramson, who commented on the racial composition of the Eastern District of Massachusetts, stating "[m]etaphorically speaking, there has to be a statute of limitations on how long a District can lament the desirability of underrepresentation of minorities in its jury pools without feeling compelled to act with imagination to do better." *Citing* United States v. Green, 389 F.Supp.2d 29, 40 (D. Mass 2005).

17. Mr. Kilpatrick respectfully requests this Honorable Court permit a review, pursuant to 00-AO-060, of the following materials:

a. All information, materials, reports and/or data compilations regarding demographic data of the master and qualified jury wheels for grand and petit juries for the Eastern District of Michigan, Detroit Division;

b. All information, materials, reports, data compilations, and JMS reports regarding the selection and summoning process for grand and petit juries; including any compilation or series of reports compiled by the Jury Department for each county showing the number of questionnaires mailed and returned from the years 2000 until present;

c. Any and all demographic data compiled on behalf of this Honorable Court, the Jury Department, or any other agency affiliated with or employed at the request of the Eastern District of Michigan as it relates to jury selection, and addressing the issue of underrepresentation of African Americans on juries;

d. The total number of persons in the source or sources and the actual copy or copies of the source list or lists from which the initial selections were made from 2000 until present;

e. The total number of persons at each subsequent step and the actual forms or materials used in those steps from 2000 until present;

f. The completed questionnaires of all persons qualified for service from 2000 to present;

g. The completed questionnaires of all persons disqualified, excused or exempted and any other materials or information concerning these

    determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions and disqualifications) from 2000 until present;

h. All records related to the summoning of jurors for grand jury or petit jury service, including all records or documents relating to the excusal or disqualification of any potential grand or petit juror summoned; and

i. All records, data compilations, and/or surveys regarding the composition of the master and/or qualified jury panel; including any analysis and/or plan to address the high rate of non-responses by Wayne County prospective jurors.

j. Any statistical analysis or data compilation from 2000 to present, as it relates to the proportion of African American prospective jurors who have either been placed in the qualifying wheel for the Eastern District of Michigan, Detroit-Division, but were excused due to factors including but not limited to prosecution or conviction of felonies, were immigrants with lack of sufficient understanding of English, persons who lack child care services, or persons with lack of access to healthcare;

k. Any statistical analysis, data compilation or plan from 2000 to present, as it relates to the effectiveness of follow-up to non-responses by prospective African American jurors in the Eastern District of Michigan, Detroit-Division.

18. Mr. Kilpatrick proposes conducting an examination of these materials that will allow for an objective analysis of the formula employed by the Eastern District of Michigan to determine if there is underrepresentation of African Americans in the jury pool as a result of a constitutional deprivation or systematic exclusion. A numerical examination of the demographic responses will determine if the master jury wheel has (1) a fair cross section of the community; and (2) determine whether or not African Americans are systematically excluded as a cognizable group in the nine counties that comprise the Eastern District of Michigan, Detroit-Division jury pool.  *See* United States v. Ovalle, 136 F.3d. 1092 (6th Cir. 1998).

19. If, after a review of the data and an evidentiary hearing, it is empirically found that African Americans are systematically underrepresented as a result of the process itself, then the application of the master jury wheel, in its present iteration, is a discriminatory violation of the Jury Selection and Services Act of 1968.  Further if, based upon this empirical data, it is found that the jury wheel discriminates against African Americans then the grand jury drawn from the master jury wheel is a constitutional violation as specified above.  Accordingly, the Indictment, upon which it is based, must be dismissed.

20. In compliance with Eastern District of Michigan Local Court Rule 7.1, concurrence on these issues was sought and the Government denied concurrence on May 28, 2012.

WHEREFORE, Mr. Kilpatrick respectfully requests that this Honorable Court enter an order directing the Clerk of the Court to provide Mr. Kilpatrick with access to the above listed records and materials as well as the right to copy these materials as necessary. It is further requested that upon receipt and review of the records and materials requested that this Honorable Court conduct an evidentiary hearing.

    Respectfully submitted,

    O'REILLY RANCILIO, P.C.

    By:_____/s/_____
    James C. Thomas P23801
    Michael C. Naughton P70856
    Attorneys for Kwame M. Kilpatrick
    2500 Buhl Building
    535 Griswold Street
    Detroit, MI 48226
    313-963-2420
    jthomas@orlaw.com
    mnaughton@orlaw.com

Dated: May 29, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of record.

/s/ James C. Thomas
James C. Thomas