UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.                                          HON. NANCY G. EDMUNDS
                                            Case No.: 10-20403

D-1 KWAME M. KILPATRICK,
D-2 BOBBY W. FERGUSON, and
D-3 BERNARD N. KILPATRICK,
Defendants. _____/

<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS FOR COURT REVIEW</u>

NOW COME Defendants Kwame M. Kilpatrick, Bobby W. Ferguson and

Bernard N. Kilpatrick and hereby request this Honorable Court to charge the jury

with the following jury instructions and to review those specific separate

Government and Defense instructions with the noted objections. The parties

respectfully reserve the right to propose any additional instructions at the

conclusion of the case that may be warranted based on the evidence.

1

Respectfully Submitted,

_____/s/_____                    _____/s/_____
By: Gerald K. Evelyn (P29182)                 By: James C. Thomas (P23801)
Susan Van Dusen (P28364)                      Michael C. Naughton (P70856)
Michael A. Rataj (P43004)                     Attorneys for Kwame Kilpatrick
Attorneys for Bobby Ferguson                  2500 Buhl Building
535 Griswold Street                           535 Griswold Street
Suite 1030                                    Detroit, MI 48226
Detroit, MI 48226                             (313) 963-2420
(313) 962-3500                                jthomas@orlaw.com
geraldevelyn@yahoo.com                        mnaughton@orlaw.com
svandusenlaw@aol.com
ratajmi@aol.com


_____/s/_____
By: John A. Shea (P37634)
Alexandrea Brennan (P75558)
Attorneys for Bernard Kilpatrick
120 N. 4th Ave.
Ann Arbor, MI 48104
jashea@earthlink.net

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION**[1]

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

(4) Then I will explain the defendants' theory of the defense.

(5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

---

[1] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.01.

**COURT'S INSTRUCTION NO. _____**

**JURORS DUTIES**[2]

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved a defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[2] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.02.

**COURT'S INSTRUCTION NO. _____**

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**[3]

(1) As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that any of them is guilty.

(3) This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that one or more of them is guilty.

(4) The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common

---

[3] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.03.

sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**COURT'S INSTRUCTION NO. _____**

**EVIDENCE DEFINED[4]**

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to;

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

_____

[4] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.04.

**COURT'S INSTRUCTION NO. _____**

**CONSIDERATION OF EVIDENCE[5]**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[5] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.05.

8

**COURT'S INSTRUCTION NO. _____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE[6]**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[6] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.06.

**COURT'S INSTRUCTION NO. _____**

**CREDIBILITY OF WITNESSES[7]**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

> (A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

> (B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

> (C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

> (D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

> (E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias,

---

[7] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.07.

or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**COURT'S INSTRUCTION NO. _____**

**NUMBER OF WITNESSES[8]**

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

---

[8] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.08.

**COURT'S INSTRUCTION NO. _____**

**LAWYERS' OBJECTIONS**[9]

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

---

[9] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 1.09.

**COURT'S INSTRUCTION NO.** _____

**INTRODUCTION**[10]

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

(2) But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant or these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

---

[10] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 2.01.

**COURT'S INSTRUCTION NO. _____**

**SEPARATE CONSIDERATION--MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT CRIMES**[11]

(1) The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2) The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.[12]

---

[11] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 2.01D.

[12] NOTE TO COURT: Defendants object to the Government's proposed modification to Sixth Circuit Pattern Criminal Jury Instruction § 2.01D on the basis that the Government's modification dilutes the jury's obligation to decide each defendant's innocence or guilt separately.

**COURT'S INSTRUCTION NO. _____**

**ON OR ABOUT[13]**

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that certain crimes happened "on or about" or "in and about" certain dates. The government does not have to prove that these crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

---

[13] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 2.04.

**COURT'S INSTRUCTION NO. _____**

**INFERRING REQUIRED MENTAL STATE[14]**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that a defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

---

[14] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 2.08.

**COURT'S INSTRUCTION NO. _____**

**IMPARTIALITY**

You may recall being instructed at the beginning of this case about your duty as a juror. Whatever opinions, biases or prejudice you had towards the defendants or about this case must not enter into your deliberations. You must decide this case solely on the evidence you heard in the courtroom.

Your personal opinions that were formed prior to this trial must not factor into your decision whatsoever.

If you feel that you cannot put your prior opinions to the side and decide this case fairly, impartially and based only on the evidence from trial, you must inform me immediately. If this is the case, inform the Court Security Officer that you need to speak with me.[15]

---

[15] NOTE TO COURT: The Government objects to the third paragraph in the above proposed instruction.

**COURT'S INSTRUCTION NO. _____**

**WITNESSES WITH A HISTORY OF SUBSTANCE ABUSE**[16]

You heard evidence that government witness Emma Bell was an alcohol abuser. The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater scrutiny than the testimony of any other witness. The testimony of a drug and/or alcohol abuser may be less believable.

You must decide whether the testimony of Emma Bell has been affected by their alcohol use or the need for alcohol. You may give this testimony whatever weight, if any, you find it deserves.

---

[16] O'Malley § 15:05 (modified); Sand, Instruction 7-9.1 (modified). NOTE TO COURT: The Government objects to the above proposed instruction. The defense submits that this instruction is appropriate to be given because substance abuse is a special consideration in evaluating a witness's credibility and it is not addressed in the court's general instruction regarding credibility. This instruction is recognized by the authorities above cited when supported by the evidence.

19

PART TWO:
18 U.S.C. §1951: EXTORTION
(COUNTS TWO THROUGH FIVE;
SEVEN THROUGH TEN; FIFTEEN)

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION**

Counts Two through Four, and Seven through Ten, each charge Kwame Kilpatrick and Bobby Ferguson with extortion in two ways: first through wrongful use of fear of economic harm, and second, under color of official right. To find a defendant guilty of one or more of the extortion charges, the evidence need only prove that the defendant committed one of these types of extortion, or aided and abetted someone else in doing so. It is not necessary that the evidence show that the defendant committed both types of extortion.

The defendants are charged with extortion, in violation 18 U.S.C. § 1951, in the following counts:

| | | |
|---|---|---|
| 2 | sewer lining contract | K. Kilpatrick, Ferguson |
| 3 | amendment to sewer lining contract | K. Kilpatrick, Ferguson |
| 4 | Baby Creek/Patton Park | K. Kilpatrick, Ferguson |
| 7 | outfalls contract | K. Kilpatrick, Ferguson |
| 8 | asbestos abatement | K. Kilpatrick, Ferguson |
| 9 | repair of eastside water mains | K. Kilpatrick, Ferguson |
| 10 | eastside sewer repairs | K. Kilpatrick, Ferguson |

**ELEMENTS**

To find Kwame Kilpatrick or Bobby Ferguson guilty of one of the extortion counts discussed above, Counts Two, Three, Four, Seven, Eight, Nine, or Ten, the government must prove each and every one of the following things, or elements, beyond a reasonable doubt:

21

(1) That the defendant or a person whom he aided and abetted knowingly and wrongfully obtained money or other property from another person or persons;

(2) That the defendant or person whom he aided and abetted did so by means of extortion, either under color of official right or by wrongful fear of economic harm, as I will define those phrases;

(3) That the defendant knew that the person or persons who were the subjects of the extortion gave the money or property because of the extortion; and

(4) That as a result of the defendant's actions, interstate commerce was, or had the potential to be, affected in some way, no matter how small.

**Extortion under Color of Official Right**[17]

It's a Federal crime to extort something from someone else and in doing so to obstruct, delay, or affect interstate commerce.

Kwame Kilpatrick can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant caused a person to part with property;

(2) The Defendant did so knowingly by using extortion under color of official right; and

(3) The extortionate transaction delayed, interrupted, or affected interstate commerce.

---

[17] 11th Circuit Pattern Jury Instructions, § 70.2. NOTE TO COURT: The Government and Defendants offer different definitions for Part Two. The Defendants' proposed definitions are set forth herein and are based on the 11th Circuit Pattern Jury Instructions on 18 U.S.C. § 1951.

"Property" includes money, other tangible things of value, and intangible rights that are a source or element of income or wealth.

"Extortion under color of official right" is the wrongful taking or receipt of money or property by a public officer who knows that the money or property was taken or received in return for doing, not doing official acts. It does not matter whether or not the public officer employed force threats or fear.

"Wrongful" means to get property unfairly and unjustly because the person has no lawful claim to it.

**Extortion Through Wrongful Use of Economic Harm**[18]

It's a Federal crime to extort something from someone else and in doing so to obstruct, delay, or affect interstate commerce.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant caused another person or persons to part with property;

(2) The Defendant did so knowingly by using extortion; and

(3) The extortionate transaction delayed, interrupted, or affected interstate commerce.

"Property" includes money, other tangible things of value, and intangible rights that are a source or part of income or wealth.

"Extortion" means obtaining property from a person who consents to give it

---

[18] 11th Circuit Pattern Jury Instructions, § 70.1 (modified). <u>United States v. Collins</u>, 78 F.3d 1021, 1033 (6th Cir. 1996).

up because of the wrongful use of actual or threatened force, violence, or fear.

"Wrongful" means to get property unfairly and unjustly because the person has no lawful claim to it.

"Fear" means a state of anxious concern, alarm, or anticipation of harm. It includes the fear of financial loss or other economic harm. In order for there to be fear of economic harm, you must find that the person's fear was reasonable under the circumstances.

The parties have agreed that interstate commerce was affected for purposes of this instruction.

**Aiding and Abetting[19]**

The defendants who are named in the extortion counts of the indictment are charged with aiding and abetting each other to commit the crimes. Specifically, Kwame Kilpatrick and Bobby Ferguson are charged with aiding and abetting each other in Counts 2, 3, 4, 7, 8, 9, and 10.

(1) For you to find a defendant guilty of extortion, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

(2) But for you to find a defendant guilty of extortion as an aider and abettor, you must be convinced that the government has proved each and every one of the

---

[19] Sixth Circuit Pattern Jury Instructions, § 4.01. NOTE TO COURT: The Defendants object to the Government's proposed modification of Sixth Circuit Pattern Criminal Jury Instructions, § 4.01 and submit that the instruction should be given without modification.

24

following elements beyond a reasonable doubt:

> (A) First, that the crime of extortion was committed.
>
> (B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.
>
> (C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of a defendant as an aider and abettor.

**Attempt[20]**

Count Five of the Indictment charges that Kwame Kilpatrick and Bobby Ferguson attempted to interfere with commerce by extortion by fear of economic harm and under color of official right.

---

[20] Sixth Circuit Pattern Jury Instructions, § 5.01. NOTE TO COURT: The Defendants object to the Government's proposed modification of Sixth Circuit Pattern Criminal Jury Instructions, § 5.01 and submit that the instruction should be given without modification.

| 5 | Oakwood Pump Station | K. Kilpatrick, Ferguson |

Count Fifteen of the Indictment charges that Bernard Kilpatrick attempted to interfere with commerce by extortion by fear of economic harm and under color of official right.

| 15 | sludge contract | B. Kilpatrick |

(1) Counts Five and Fifteen of the Indictment accuse the defendant of attempting to commit the crime of extortion in violation of federal law.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

(A) First, that the defendant intended to commit the crime of extortion.

(B) And second, that the defendant did some overt act that was a substantial step towards committing the crime of extortion.

(C) Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit extortion.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

(2) If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

26

PART THREE:
18 U.S.C. § 666(A): BRIBERY
COUNTS SIXTEEN AND SEVENTEEN

**COURT'S INSTRUCTION NO. _____**

INTRODUCTION

Counts Sixteen and Seventeen of the indictment charge the defendants Kwame Kilpatrick and Bobby Ferguson with bribery relating to a government entity which receives federal funds, or aiding and abetting in that crime in violation of 18 U.S.C. § 666(a).[21]

| 16 | $90,000 bribe | K. Kilpatrick, Ferguson |
|----|---------------|-------------------------|
| 17 | $75,000 bribe | K. Kilpatrick, Ferguson |

**ELEMENTS**

In order to prove Kwame Kilpatrick guilty of bribery, or defendant Bobby Ferguson guilty of aiding and abetting in the commission of that offense, the government must prove each of the following elements beyond a reasonable doubt:

(1)     That the defendant was Mayor of the City of Detroit; and

(2)     That the defendant solicited, demanded, accepted or agreed to accept anything of value from another person; and

(3)     That the defendant acted corruptly with the intent to be influenced or rewarded in connection with a transaction of the City of Detroit; and

(4)     That this business, transaction or series of transactions involved any thing of a value of $5,000 or more; and

---

[21] NOTE TO COURT: The Government and Defendants offer different definitions for Part Three. The Defendants' proposed definitions are set forth herein and are based on the 7th Circuit Pattern Jury Instructions for 18 U.S.C. § 666(a).

(5)     That the City of Detroit in a one year period, received benefits of more than

$10,000 under any federal program involving a grant, contract subsidy, loan,

guarantee, insurance or other assistance. [22]

**DEFINITIONS**

The parties have agreed that during each relevant calendar year, the City of

Detroit received more than $10,000 under federal programs.

A person acts corruptly when that person acts with the understanding that

something of value is to be offered or given to reward or influence him in

connection with his official duties.

If you find from your consideration of all the evidence that the government

has provided each of these elements beyond a reasonable doubt as to the charge

you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence

that the government has failed to prove any one of these elements beyond a

reasonable doubt as to the charge that you are considering then you should find the

defendant not guilty of that charge.[23]

---

[22] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 207 18 U.S.C. §
666(a)(1)(B), Accepting a Bribe.
[23] NOTE TO COURT: The Defendants object to the Government's proposed definitions
and submit that the Seventh Circuit Pattern Jury Instructions, 2012 Edition, on 18 U.S.C.
§ 666(a) should be given without modification.

**Aiding and Abetting[24]**

For you to find Bobby Ferguson guilty of aiding and abetting bribery as charged in Counts Sixteen and Seventeen you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) For you to find a defendant guilty of bribery, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find a defendant guilty of bribery as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of bribery was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can

---

[24] Sixth Circuit Pattern Jury Instructions, 2012 Edition, § 4.01 NOTE TO COURT: The Defendants object to the Government's proposed modification of Sixth Circuit Pattern Criminal Jury Instructions, § 4.01 and submit that the instruction should be given without modification.

consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty as an aider and abettor.

PART FOUR
18 U.S.C. § 1341: MAIL FRAUD
18 U.S.C. § 1343: WIRE FRAUD
COUNTS EIGHTEEN THROUGH THIRTY

**COURT INSTRUCTION NO. _____**

**INTRODUCTION**[25]

Counts 18 through 27 charge the defendant Kwame Kilpatrick with mail

fraud. The counts are charged as follows:

| Count | Date and Item Sent via U.S. Mail or Federal Express |
|---|---|
| 18 | June 22, 2006, donor check for $10,000 payable to the Civic Fund sent via Federal Express. |
| 19 | February 13, 2007, letter explaining the Civic Fund to donor sent via U.S. mail. |
| 20 | September 26, 2007, donor check for $5,000 payable to the Civic Fund sent via U.S. mail. |
| 21 | April 3, 2008, Civic Fund check in the amount of $4,500 for summer camp sent via Federal Express. |
| 22 | May 23, 2008, letter soliciting a donation and explaining the Civic Fund to donor sent via U.S. mail |
| 23 | June 4, 2008, Civic Fund check in the amount of $2,640 for summer camp sent via Federal Express. |
| 24 | June 4, 2008, donor check for $10,000 payable to the Civic Fund sent via Federal Express. |
| 25 | June 25, 2008, donor check for $1,000 payable to the Civic Fund sent via U.S. mail. |
| 26 | June 30, 2008, donor check for $4,000 payable to the Civic Fund sent via Federal Express. |
| 27 | July 23, 2008, letter explaining the Civic Fund to donor sent via U.S. mail. |

Counts 28 through 30 charge the defendant Kwame Kilpatrick with wire

fraud. The counts are charged as follows:

| Count | Date and Description of Wire Communication |
|---|---|
| 28 | August 24, 2007, letter soliciting a donation and explaining the Civic Fund sent to donor via fax. |
| 29 | April 3, 2008, letter explaining the Civic Fund sent to donor via fax. |
| 30 | June 20, 2008, letter soliciting a donation and explaining the Civic Fund sent to donor via fax. |

---

[25] Sixth Circuit Pattern Criminal Jury Instructions 2011 Edition, § 10.01, 10.02.

**ELEMENTS**[26]

For you to find Kwame Kilpatrick guilty of mail or wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That Kwame Kilpatrick knowingly devised a scheme to defraud in order to obtain money or property, that is Kwame Kilpatrick intended to claim to the Internal Revenue Service and to public and potential donors that the Civic Fund was a social welfare organization that spent its funds consistent with the purposes stated in its application for tax exempt status, when in fact, Kwame Kilpatrick intended to use the monies donated to the Civic Fund for personal expenses and for expenses inconsistent with the purposes stated in its application for tax exempt status;[27]

(2) That the scheme included a material misrepresentation or concealment of a material fact;

(3) That Kwame Kilpatrick had the intent to defraud; and

(4) If charged as a mail fraud count, that Kwame Kilpatrick caused another to use the mail in furtherance of the scheme. If charged as a wire fraud count, that Kwame Kilpatrick caused another to use a wire communication in interstate commerce in connection with the scheme.

---

[26] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 10.01, 10.02 (modified).

[27] NOTE TO COURT: Defendants have underlined the portion above which differs from the Government's proposed instruction; otherwise, Defendants agree with the language proposed by the Government in this instruction.

**DEFINITIONS**

Now I will explain some of these terms.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

To "cause" the mail or wire communications to be used is to do an act with knowledge that the use of the mail or wire communication will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wire communications which

35

crossed a state line.

It is not necessary that the government prove all of the details that are in the indictment concerning the precise nature and purpose of the scheme, or that the use of the mail or wire communications was intended as the specific or exclusive means of accomplishing the alleged fraud.

For each count, if you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that count. If you have a reasonable doubt about any one of the elements, then you must find Kwame Kilpatrick not guilty of that count.

PART FIVE:
RACKETEER INFLUENCED AND CORRUPT ORGANIZATION (RICO)
COUNT ONE

**COURT'S INSTRUCTION NO. _____**

**ELEMENTS OF THE OFFENSE - COUNT ONE**[28]

Count One charges that from about 2000 until 2009, Kwame Kilpatrick, Bobby Ferguson, and Bernard Kilpatrick knowingly agreed to conduct the affairs of an association of persons called the Kilpatrick Enterprise through a pattern of racketeering. The law of the United States is that whoever conspires to conduct the affairs of any enterprise through a pattern of racketeering activity commits a crime, if the enterprise affects interstate commerce.

In order to convict a defendant of the crime charged in Count One, the evidence must prove each of the following three elements beyond a reasonable doubt:

1.      That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of the Kilpatrick Enterprise, an enterprise, through a pattern of racketeering activity as described in Count One; and

2.      That the Kilpatrick Enterprise was an enterprise.

---

[28] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 527, re: 18 U.S.C. § 1962(d). NOTE TO COURT: The parties do not agree on the proposed RICO instructions. The Defendants submit that the Seventh Circuit Pattern Jury Instructions, re: 18 U.S.C. § 1962(d), together with the definitions set forth in the Seventh Circuit Pattern Jury Instructions (see footnotes in this section) are a more clear and concise statement of instructions which should be given to the jury in a RICO conspiracy case. Further, the Defendants submit that the Government's instructions are an amalgamation of case law from various circuits and are not pattern instructions from any circuit.

3. That the activities of the Kilpatrick Enterprise would affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt then you should find the defendant not guilty of that charge.

**DEFINITIONS**

**"Enterprise" (Association-in-fact)**[29]

The term "enterprise" can include a group of people or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you may consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the

---

[29] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 522, re: 18 U.S.C. § 1961(4).

indictment about the enterprise or the manner in which the enterprise operated. The government need not prove the association had any form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

**Associated with the Enterprise**[30]

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

**To Agree to Participate Directly or Indirectly in the Affairs of the Enterprise**[31]

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in the RICO count.

---

[30]  Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 530, re: 18 U.S.C. § 1962(c) & (d), Associate - Definition.
[31] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 529, re: 18 U.S.C. § 1962(c) & (d), Conduct - Definition.

**Agree to Engage in a Pattern of Racketeering Activity[32]**

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant agreed that some member[s] of the conspiracy would commit at least two acts of racketeering as described in Count One, and that they were separate acts. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

The types of racketeering acts that are charged in Count One of the

---

[32] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 528, re: 18 U.S.C. § 1962(d), Pattern Requirement – Racketeering Conspiracy

Indictment are all, themselves, violations of either Michigan or United States law. I have described for you already the elements of United States extortion, and mail and wire fraud, in Parts Two and Four of the instructions. You should apply those instructions when you consider whether the evidence shows beyond a reasonable doubt that one or more defendants agreed that the racketeering activities of United States extortion or mail or wire fraud would be committed to further the Kilpatrick Enterprise.

You have heard testimony from various witnesses relating to their state of mind as it related to the acts or omissions of the defendants in this case. The witness' state of mind was relevant only as it related to what actions that followed and this testimony was not offered for the truth of the assertion that caused the state of mind. In order for there to be fear of economic harm, you must find that the person's fear was reasonable under the circumstances.[33]

**Obstruction of Justice[34]**

In addition to extortion and mail and wire fraud, the indictment also charges that the defendants agreed that a racketeering act that violated United States obstruction of justice law would be committed to further the Kilpatrick Enterprise. To prove obstruction of justice, the government must prove each of the following elements beyond a reasonable doubt:

---

[33] United States v. Williams, 952 F.2d 1504, 1512-13 (6th Cir. 1991).
[34] Seventh Circuit Pattern Jury Instructions, 2012 Edition, at page 442, re: 18 U.S.C. § 1512(b)(1), Witness Tampering – Influencing or Preventing Testimony – Elements (modified)

1. Someone used intimidation; threatened anther person or corruptly persuaded another person; and

2. That person acted knowingly; and

3. That person acted with the intent to influence, delay or prevent the testimony of any person in an official proceeding. An official proceeding means a proceeding before a judge or court of the United States or a federal Grand Jury.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

As I said, the indictment also charges that the defendants agreed that racketeering acts that violate two Michigan laws would be committed to further the Kilpatrick Enterprise. The two Michigan laws are: 1) making malicious threats to extort money, and 2) bribery by a public official.

**Michigan Law: Malicious Threats to Extort Money[35]**

There are three elements to the Michigan crime of making malicious threats to extort money. They are that:

(1) The defendant [or a conspirator] threatened to injure another's property;

(2) The threat was made by saying it or writing it down; and

(3) The threat was made willfully, without just cause or excuse, and get money or

property.

**Michigan Law: Act of a Public Official Accepting Bribes[36]**

There are also three elements to the Michigan law of bribery by a public official. As applied to this case, they are:

(1) Kwame Kilpatrick was a public official;

(2) While being a public official, Kwame Kilpatrick accepted a gift or gratuity; and

(3) The gift or gratuity was made with an understanding that Kwame Kilpatrick would exercise his official judgment in a particular manner, or upon a particular side of any question, cause or proceeding, which was by law before him in his official capacity.

Acceptance by an elected official of a campaign contribution, by itself,

---

[35] Michigan Criminal Jury Instructions, 2nd Edition, 21.1, Extortion – Threatening Injury. NOTE TO COURT: The Defendants object to the Government's additional paragraph to the Michigan Criminal Jury Instructions, 2nd Edition, cited herein. The Government adds the paragraph beginning "[f]or example" – this is an addition not contained in the Michigan instructions but, moreover, is an overbroad statement of what would constitute a violation of Michigan law.

[36] NOTE TO COURT: The parties are in agreement on the language set forth herein.

does not constitute extortion under color of official right, even if the person making the contribution has business pending before the official. It is not enough that the contributor is making the contribution to create good will or with the vague expectation of help in the future.

**Agreement to Commit a RICO Offense**[37]

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal[s] of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendants you are considering were aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

---

[37] Seventh Circuit Pattern Jury Instructions, 2012 Edition, § 5.10.

**Interstate Commerce**

The parties have agreed that interstate commerce was affected for purposes of this instruction.

PART SIX
26 U.S.C. § 7206(1) SUBSCRIBING FALSE TAX RETURN
26 U.S.C. § 7201 INCOME TAX EVASION
COUNTS 31 THROUGH 39

**COURT'S INSTRUCTION NO. _____**

**STATEMENT OF THE OFFENSE**

Counts 31 through Count 35 charge defendant Kwame Kilpatrick with subscribing a false tax return for calendar years 2003, 2004, 2005, 2006, and 2007.

Count 36 charges defendant Kwame Kilpatrick with income tax evasion for calendar year 2008.

Counts 37, 38, and 39 charge defendant Bernard Kilpatrick with subscribing a false tax return for calendar years 2004, 2005, and 2007.

**ELEMENTS**[38]

In order to sustain its burden of proof for the crime of willfully subscribing a false tax return as charged in Counts 31 through 35, and 37 through 39 of the indictment, the government must prove the following essential elements for each count beyond a reasonable doubt:

(1) The defendant made and signed a tax return that contained false information about a material matter as detailed in the indictment, or made and signed an authorization for his tax preparer to electronically file Defendant's tax return;

(2) The defendant knew that this information was false;

(3) The false statement was material;

(4) If defendant signed the return, the return contained a written declaration that it was being signed subject to the penalties of perjury; or if defendant authorized his

---

[38] 2B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 67.15 (6th ed. 2012) (modified as underlined).

tax preparer to file the return, defendant's signed authorization for his tax preparer to electronically file his return contained a written declaration that the taxpayer reviewed and approved the return and authorized its filing under penalties of perjury;[39] and

(5) In filing the false tax return, the defendant acted willfully.

**DEFINITIONS**

A claim in a tax return is "material," if it has a natural tendency to influence or was capable of influencing the actions of the Internal Revenue Service.

To act "willfully," means to act voluntarily and deliberately and intending to violate a known legal duty. Negligent conduct is not sufficient to constitute willfulness.

You may find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You may also find that a tax return that was electronically submitted was, in fact, electronically signed by the person whose name appears to be signed to it. You are not required, however, to make any such finding.

If you find beyond a reasonable doubt from the evidence in the case that the

---

[39] NOTE TO COURT: This element reflects a prior draft of the Government's proposed instruction, modified by the defense to reflect the circumstances presented by the evidence in this case against Bernard Kilpatrick. Defendants disagree with the Government's suggested instruction that the "subscribing" element of a 26 U.S.C. § 7206 charge may be established merely by showing that a defendant "authorized" another to file a false return on defendant's part. In pertinent part, the Fawaz case relied upon by the Government was a tax evasion (Sec. 7201) case, not a false tax return (Sec. 7206) case; in the former, defendant's subscription is not an element; in the latter, defendant's subscription IS an element.

defendant signed the tax return in question, <u>or that the defendant signed an authorization for his tax preparer to file the return in question</u>, then you may also find, but are not required to find, that the defendant knew of the contents of the return he signed.

**ELEMENTS** - Tax Evasion

In order to sustain its burden of proof for the crime of willfully attempting to evade or defeat a tax as charged in Count 35 of the Indictment against Kwame Kilpatrick, the government must prove the following essential elements beyond a reasonable doubt:

(1) A substantial income tax was due from the defendant;

(2) The defendant attempted to evade or defeat this tax as detailed in the indictment; and

(3) In attempting to evade or defeat such tax, the defendant acted willfully.

In order to show an "attempt in any manner to evade or defeat any tax," the government must prove beyond a reasonable doubt that Kwame Kilpatrick intended to evade or defeat the tax due and that Kwame Kilpatrick also willfully did some affirmative act in order to accomplish this intent to evade or defeat that tax.

To act "willfully," means to act voluntarily and deliberately and intending to violate a known legal duty. Negligent conduct is not sufficient to constitute willfulness.

Although the government must prove a willful attempt to evade a

substantial portion of tax, the government is not required to prove the precise

amount of additional tax alleged in the indictment or the precise amount of tax

owed.

PART SEVEN
DEFENDANTS' THEORY OF THE CASE

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime.

Next, I will explain the defendants' position.

The defense says:

PART EIGHT:
SPECIAL EVIDENTIARY MATTERS

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION**[40]

That concludes the part of my instructions explaining the elements of the

crime and the Defendants' positions. Next I will explain some rules that you must

use in considering some of the testimony and evidence.

---

[40] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.01

**COURT'S INSTRUCTION NO. _____**

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.[41]

---

[41] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.02. NOTE TO THE COURT: The Defendants object to the Government's deletion of the clause re: presenting evidence and submit that Sixth Circuit Pattern Jury Instruction § 7.02, unmodified, should be given.

**COURT'S INSTRUCTION NO. _____**

**OPINION TESTIMONY[42]**

You have heard the testimony of several witnesses who have testified as opinion witnesses.

You do not have to accept the opinions of those witnesses. In deciding how much weight to give each witness's opinion, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

---

[42] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.03.

57

**COURT'S INSTRUCTION NO. _____**

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS[43]**

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion[s]. In deciding how much weight to give it [them], you should consider each witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

---

[43] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.03A.

**COURT'S INSTRUCTION NO. _____**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**[44]

You have heard the testimony of some witnesses about whom you have heard that before this trial he or she made a statement that may be different from his or her testimony here in Court.

This early statement was brought to your attention only to help you decide how believable his or her testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his or her testimony here in court.

---

[44] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.04 (as modified).

**COURT'S INSTRUCTION NO. _____**

**TESTIMONY OF A WITNESS UNDER A GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY**[45]

You have heard the testimony of witnesses who have been promised by the government that they will receive immunity or a reduced sentence in return for their cooperation, including testimony.[46]

It is permissible for the government to make such a promise. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether the testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

---

[45] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.07 (as modified).

[46] NOTE TO COURT: The Defendants agree to the Government's addition of the words "their cooperation," in the first sentence of the above instruction, in conjunction with retaining the words "including testimony," as set forth in the pattern instruction.

**COURT'S INSTRUCTION NO. _____**

**TESTIMONY OF AN ACCOMPLICE**[47]

You have heard the testimony of several witnesses and have heard that they were involved in the same crimes that the defendants were charged with committing. You should consider those witnesses' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that some witnesses have pled guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

---

[47] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.08. NOTE TO COURT: The Defendants submit that this instruction should be given as written, and not modified as the Government presents. Further, it should be noted that the Government's proposed instruction should be cited as § 7.08 (as modified).

**COURT'S INSTRUCTION NO. _____**

**IMPEACHMENT OF A WITNESS BY PRIOR CONVICTION**[48]

You may have heard the testimony of witnesses who have previously been convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

---

[48] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.05B.

**COURT'S INSTRUCTION NO. _____**

**CHARACTER AND REPUTATION OF DEFENDANT**[49]

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

---

[49] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.09.

**COURT'S INSTRUCTION NO. _____**

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE[50]**

During the trial you have seen counsel use summaries, charts, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

---

[50] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.12.

**COURT'S INSTRUCTION NO. _____**

**SECONDARY – EVIDENCE SUMMARIES ADMITTED IN EVIDENCE[51]**

During the trial you have seen or heard summary evidence in the form of a chart, calculation or testimony. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

---

[51] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.12A.

**COURT'S INSTRUCTION NO. _____**

**TRANSCRIPTIONS OF RECORDED CONVERSATIONS[52]**

You have heard some recorded conversations that were received in evidence, and you have seen some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were shown only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

---

[52] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 7.17.

PART NINE:
CONCLUDING INSTRUCTIONS

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION[53]**

That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer or to me or to anyone else about the case. We must communicate in writing. Write down your message, sign it, and then give it to the jury officer. He or she will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Your messages should normally be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted into evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

---

[53] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.01(as modified).

68

**COURT'S INSTRUCTION NO. _____**

**EXPERIMENTS, RESEARCH AND INVESTIGATION[54]**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. This means that you must not try to gather any information about the case on your own while you are deliberating. This means that during deliberations you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.

Make your decision based only on the evidence that you saw and heard here in court.

---

[54] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.02 (as modified).

**COURT'S INSTRUCTION NO. _____**

**UNANIMOUS VERDICT[55]**

Your verdict, whether it is guilty or not guilty, must be unanimous. This means that to find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

And to find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

---

[55] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.03.

**COURT'S INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**[56]

Once the closing arguments are completed, you may talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.

Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that---your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

---

[56] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.04.

**COURT'S INSTRUCTION NO. _____**

**JUROR NOTES[57]**

If you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

---

[57] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.10.

**COURT'S INSTRUCTION NO. _____**

**PUNISHMENT**[58]

If you decide that the government has proved one or more of the defendants guilty, then it will be my job to decide what the appropriate punishments should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding you verdict.

Your job is to look at the evidence and decide if the government has proved one or more of the defendants guilty beyond a reasonable doubt. If it has, say so. If it has not, say so.

---

[58] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.05 (as modified).

**COURT'S INSTRUCTION NO. _____**

**VERDICT FORM**[59]

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: [read form].

If you decide that the government has proved the charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

---

[59] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.06.

**COURT'S INSTRUCTION NO. _____**

**COURT HAS NO OPINION**[60]

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

---

[60] Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 8.09.

CERTIFICATE OF SERVICE

    I hereby certify that on January 31, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                    /s/ James C. Thomas
                    James C. Thomas