UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           Hon. Nancy G. Edmunds
                                                  Case No. 10-20403

v.

KWAME M. KILPATRICK, et al

       Defendant.
_____/

### CONSOLIDATED MOTION AND MEMORANDUM IN SUPPORT FOR A HEARING TO ALLOW THE DEFENDANT KWAME M. KILPATRICK TO BE RELEASED ON BOND PENDING SENTENCING

NOW COMES Kwame M. Kilpatrick, by and through his counsel James C. Thomas and Michael C. Naughton, of counsel to O'Reilly Rancilio, P.C., and moves this Honorable Court to release Mr. Kilpatrick on Bond pending sentencing in this matter.

1. Kwame M. Kilpatrick was charged in the above entitled matter in a Fourth Superseding Indictment which alleged several counts of federal violations including racketeering, in violation of 18 U.S.C. § 1962(d).

2. On March 11, 2013, Mr. Kilpatrick was found guilty by a jury of racketeering, extortion, tax evasion and wire fraud. He was acquitted of Count Ten, Extortion; Count Twenty-Seven, Mail Fraud; and Count Twenty-Nine, Wire Fraud. There was no decision from the jury on Count Seven, Extortion; Count Eight, Extortion; and Count Sixteen, Bribery.

3. On March 11, 2013, this Honorable Court held a hearing on the issue of Mr. Kilpatrick's bond pending sentencing. At that hearing, this Honorable Court heard arguments from the Government as well as counsel for Mr. Kilpatrick and Mr. Ferguson. The Government did not argue danger to the community as it related to Mr. Kilpatrick.

4. In reading its opinion, this Honorable Court stated:

> I think this is a close call. I think it's possible that they would appear, and I think it's possible that they may not be a danger to the safety of any other person or the community, but they have not offered evidence or argument to overcome the presumption, and my decision is based squarely on the presumption set forth in the statute that detention is required in this circumstance." (*See* March 11, 2013 Detention Hearing Transcript, pages 20 - 21.)

5. Mr. Kilpatrick requests this Honorable Court's consideration of his bond pending sentencing and if necessary request a rehearing on the issue. It is acknowledged that 18 U.S.C. § 3143(a)(1) applies in this circumstance. In relevant part, the statute sets forth:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

6. While counsel acknowledges this Honorable Court's reliance on the language of the presumption of detention, counsel submits that the Bail Reform Act

specifically applies the standard of "clear and convincing," is a standard much less than beyond a reasonable doubt. The statute obviously contemplated that there would be facts and circumstances that would rebut that presumption.

7. Much of the case law on this issue recites a list of circumstances where the presumption may not be overcome. While in each individual case that may be true we believe that the totality of circumstances relating to Mr. Kilpatrick do overcome the presumption by clear and convincing evidence. *See* United States v. Vance, 851 F.2d 166, 169 (6th Cir. 1988).

8. Counsel relies on previous facts argued before this Honorable Court. However, in an attempt to bolster those prior arguments and further ensure Mr. Kilpatrick's compliance while on bond, his mother, Carolyn Cheeks Kilpatrick, is offering her house as collateral to secure Mr. Kilpatrick's compliance with the terms imposed while he is on bond. (Attached in a separate submission will be Exhibit A, copy of the deed.)

9. Counsel and Mr. Kilpatrick embrace the recommendation of Federal Pretrial Services that states its opinion that he was neither a risk of flight nor a danger to the community. According to that report, Mr. Kilpatrick has complied in all respects with the conditions of release that were set by this Honorable Court before and during trial.

10. There is no logical reason to believe that he would act otherwise pending a sentencing date. The sentencing date has not yet been set and is at least four

months away. The Defendant is incentivized to be with his family and make any and all necessary preparations for his incarceration.

11. To make an issue regarding Mr. Kilpatrick's risk of flight is nonsensical. Mr. Kilpatrick has executed an affidavit of indigency that asserts affirmatively that he is without sufficient funds to provide for a legal defense of his choice. Certainly if he had funds available he would have paid to do so at that time, but did not. There is no reason to believe that he has funds available at this time.

12. While Mr. Kilpatrick has had problems in state court relating to his payment of restitution, he has paid over $180,000.  His bank accounts, his retirement funds and other assets were liquidated to pay this amount. He has no funds with which to flee. Furthermore, as has been noted by the media, the Michigan Department of Corrections continues to scrutinize Mr. Kilpatrick's finances in an unusual and persistent detail. This mitigates against flight as well, since his MDOC parole will continue to be in existence until he is discharged, which counsel expects to be not for the next several years.

13. Mr. Kilpatrick was on real-time GPS tether with Michigan Department of Corrections, at the time of his remand. He was required to reside at his mother's residence and his travel was limited to Wayne County for limited purposes. This procedure allowed for an immediate notice of any violation of geographical boundaries.

14. Mr. Kilpatrick wishes time to spend with his family pending his sentence. He requests this Honorable Court to allow him to be released to return to his home in Texas with his wife and children.

15. It is clear that Mr. Kilpatrick is a person who is very well recognized due to the extreme amount of publicity before, during and after a very lengthy trial. It is highly unlikely that he would be able to travel outside any restrictions that this Honorable Court would set without the notice of media, the community at large or the MDOC. It is counsel's experience that Mr. Kilpatrick will have already been flagged at the international borders so that his ability to travel internationally would be absolutely restricted. This Honorable Court is obviously aware that he has surrendered his passport at the time he was originally arraigned.

16. Mr. Kilpatrick has complied in all respects with the requirements of this Honorable Court for his release on bond in this matter. With federal conviction rates higher than 96% in this district, the fact that conviction has placed him in no significantly greater jeopardy than his original racketeering indictment. Counsel need not remind the Court that Mr. Kilpatrick's maximum potential guidelines have been reduced by his acquittal and/or hung jury on six of the counts.

17. A review of the statistics of the Administrative Office of United States Courts shows that in the year ending 2012, of 842 people released on bond in the Eastern District of Michigan, only 24 persons either failed to appear, left the jurisdiction or absconded. This is a rate less than 3%. It includes missed court dates, and other

transgressions not relevant to this Honorable Court's consideration in the instant matter.

18. Counsel has sought concurrence with the Government on this matter pursuant to Eastern District of Michigan Local Rule 7.1. Concurrence was denied.

WHEREFORE, it is respectfully requested that this Honorable Court grant Mr. Kilpatrick's request for bond pending sentencing. Due to the rigors of trial and parole, he was unable to spend any meaningful time with his family and he requests permission to do so at this time.

Respectfully submitted,

O'REILLY RANCILIO, P.C.

By:_____
James C. Thomas P23801
Michael C. Naughton P70856
Attorneys for Kwame M. Kilpatrick
2500 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420
jthomas@orlaw.com
mnaughton@orlaw.com

Dated: March 18, 2013

CERTIFICATE OF SERVICE

     I hereby certify that on March 18, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                             /s/ James C. Thomas
                                             James C. Thomas