UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIMINAL NO. CR-10-20403-NGE

    Plaintiff,

        HON. NANCY G. EDMUNDS

v.

D-1    KWAME M. KILPATRICK,

    Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT KWAME KILPATRICK'S MOTION FOR A HEARING TO ALLOW DEFENDANT TO BE RELEASED ON BOND PENDING SENTENCING**

---

Defendant Kwame Kilpatrick moves the Court to reconsider the Court's March 11, 2013, ruling that defendant be detained pending sentencing. At the detention hearing, the Court heard proffers and arguments by the parties and concluded that defendant failed to rebut the post-conviction presumption for detention by clear and convincing evidence, as required for release under Title 18, United States Code, Section 3143. (Detention Hearing, 3/11/13, pp. 20-21).

Motions for reconsideration are disfavored unless the moving party presents important new information bearing on the court's decision or a significant change of circumstances. Pursuant to Rule LR 7.1(h) of the Local Rules for Civil Cases in the Eastern District of Michigan, which is also used in criminal cases:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Defendant's motion for reconsideration should be denied because he is simply rehashing the issues he previously presented to the Court without showing a "palpable defect" in which the Court was previously misled, nor one which if corrected would result in a different decision. Instead, in his motion, defendant concedes that he "relies on the previous facts argued" to the Court at the detention hearing.[1] The only new information he adds is that his mother is willing to offer her home as bond collateral "in an attempt to bolster those prior arguments..." (Defendant's Motion for Reconsideration of Bond, p. 3). Defendant has provided the Court with a copy of a deed to property that Carolyn Cheeks Kilpatrick, his mother, owns in Detroit. According to the deed, the property has (or had) a mortgage held by First Federal Savings and Loan.

Putting aside that defendant has failed to identify the value of the property or his mother's equity in it, the Local Rules for Criminal Cases in this District, as well as the District's longstanding custom and practice, explicitly disfavor the posting of real property as collateral for bond in criminal cases. Local Criminal Rule LCrR 46.1(b)(1) states, "Only cash, money order or cashier's check made payable to 'Clerk, United States District Court,' or credit card is acceptable for a cash bond." And Section (b)(2) of that same rule explains, "Unless approved in writing by a District Judge, *property shall not be accepted* as collateral for a bond." *Id.* (Emphasis added). Defendant offers no reason why the Court should vary from the practice of this District or the Local Rules.

---

[1] Indeed, in his motion for reconsideration, defendant merely restates facts the Court had previously considered and rejected as sufficient to overcome the presumption for detention, including the recommendation of Pretrial Services, defendant's alleged lack of financial resources, his compliance with federal conditions of release *pre*-conviction, defendant's ability to be easily recognized, and his awareness of the possibility of conviction. (*See* defendant's Motion for Release, pp. 3-5; Detention Hearing, 3/11/13, pp. 9-10).

It is noteworthy that the property offered by defendant is not owned by him. Instead, it belongs to his mother. As the Court is aware from the government's proffer during the detention hearing, defendant has demonstrated repeatedly that he has accepted money from business leaders and family members, while at the same time lying to and misleading the courts about his assets and ignoring the direction of his probation and parole officers to report income and gifts.

At the March 11, 2013, detention hearing, the government proffered the following facts militating in favor of detention, apart from and in addition to the statutory presumption:

1. Defendant has a history of lying to and misleading courts, as well as his probation and parole officers, including lying about his assets;

2. Defendant has a history of being able to secretly access large sums of cash, including tens of thousands in cash from Bobby Ferguson, who still has access to monetary reserves; and

3. Since the jury found defendant guilty of 24 felonies, including a RICO conspiracy, he faces a lengthy prison sentence and one well in excess of the 4 months between now and his sentencing.

(Detention Hearing, 3/11/13, pp. 5-7). Furthermore, this Court recognized in ruling that defendant did not overcome the presumption for detention:

> It is not unusual for persons seeking presentence release to point to their compliance with pretrial release orders as evidence that they will appear for sentencing. The argument is routinely rejected because prior to trial there is a possibility of no imprisonment which evaporates upon a finding of guilt. Prior to trial, [the defendant] asserted his innocence in the press and had insisted that he would be exonerated at trial. Now that vindication is no longer available, an important incentive for him to appear in court is gone.

(Detention Hearing, 3/11/13, at 19, quoting *United States v. Dimora*).

For all of the reasons above, as well as in the record of the Court's March 11, 2013 ruling, defendant has failed to meet his burden under the bail statute, he has failed to demonstrate a "palpable defect" in the Court's previous decision, and the Court should maintain its order of presentence detention for defendant.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/ MARK CHUTKOW
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9168
Email: mark.chutkow@usdoj.gov

s/ R. MICHAEL BULLOTTA
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9507
Email: michael.bullotta@usdoj.gov

s/ JENNIFER L. BLACKWELL
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9165
Email: jennifer.blackwell3@usdoj.gov

s/ ERIC DOEH
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9569
Email:eric.doeh@usdoj.gov

Dated: March 22, 2013

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

James C. Thomas
Michael C. Naughton
Attorneys for Kwame Kilpatrick

s/ MARK CHUTKOW
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9168
Email: mark.chutkow@usdoj.gov

Dated: March 22, 2013

5