
AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 1
Case 2:10-cr-20403-NGE-MKM   ECF No. 516   filed 12/17/13   PageID.16446   Page 1 of 11

Judgment-Page 1 of 11

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America<br>V.<br>**KWAME M. KILPATRICK**<br><br>[AKA: Kilpatrick, Kwame Malik] | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 10CR20403-1<br>USM Number: 44678-039<br><br>Harold Z. Gurewitz & Margaret Sind Raben<br>Defendant's Attorney |

**THE DEFENDANT:**

■ Was found guilty on count(s) **1sss-5sss, 9sss, 17sss, 18sss-26sss, 28sss, 30sss, 31sss-36sss of the Fourth Superseding Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 10** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

■ The defendant has been found not guilty on count(s)  **10sss, 27sss, 29sss of the Fourth Superseding Indictment.**

■ Count(s)  **7sss, 8sss & 16sss** of the Fourth Superseding Indictment no verdict.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 10, 2013
Date of Imposition of Judgment

s/Nancy G. Edmunds
United States District Judge

DECEMBER 17, 2013
Date Signed

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1962(d) and 1963(a) | Racketeering Conspiracy, a Class C Felony | 2009 | 1sss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion-Sewer Lining Contract, a Class C Felony | 2006 | 2sss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Amendment to Sewer Lining Contract, a Class C Felony | 2005 | 3sss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Baby Creek/Patton Park, a Class C Felony | 2008 | 4sss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Oakwood Pump Station, a Class C Felony | 2007 | 5sss |
| 18 U.S.C. §§ 1951 and 1951(b)(2) | Interference with Commerce by Extortion- Repair of Eastside Water Mains, a Class C Felony | 2008 | 9sss |
| 18 U.S.C. §§ 666(a) and 666(a)(B)(2) | Bribery Concerning Programs Receiving Federal Funds- $75,000.00 Bribe, a Class C Felony | 2008 | 17sss |
| 18 U.S.C. § 1341 | Mail Fraud - June 22, 2006, donor check for $10,000.00 payable to the Civic Fund sent via Federal Express, a Class C Felony | 2006 | 18sss |
| 18 U.S.C. § 1341 | Mail Fraud - February 13, 2007, Letter explaining the Civic Fund to donor sent via U.S. Mail, a Class C Felony | 2007 | 19sss |
| 18 U.S.C. § 1341 | Mail Fraud - September 26, 2007, donor check for $5,000.00 payable to the Civic Fund, sent via U.S. Mail, a Class C Felony | 2007 | 20sss |
| 18 U.S.C. 1341 | Mail Fraud - April 3, 2008, Civic Fund check in the amount of $4,500.00 for summer camp sent via Federal Express, a Class C Felony | 2008 | 21sss |
| 18 U.S.C. 1341 | Mail Fraud - May 23, 2008, letter soliciting a donation and explaining the Civic Fund to donor sent U.S. Mail, a Class C Felony | 2008 | 22sss |
| 18 U.S.C. 1341 | Mail Fraud - June 4, 2008, Civic Fund check in the amount of $2,640.00 sent via Federal Express, a Class C Felony | 2008 | 23sss |
| 18 U.S.C. 1341 | Mail Fraud - June 4, 2008, donor check for $10,000.00 payable to the Civic Fund sent via Federal Express, a Class C Felony | 2008 | 24sss |
| 18 U.S.C. 1341 | Mail Fraud - June 25, 2008, donor check for $1,000.00 payable to the Civic Fund sent via U.S. Mail, a Class C FelonyA | 2008 | 25sss |
| 18 U.S.C. 1341 | Mail Fraud - June 30, 2008, donor check for $4,000.00 payable to the Civic Fund sent via Federal Express, a Class C Felony | 2008 | 26sss |
| 18 U.S.C. § 1343 | Wire Fraud - August 24, 2007, letter soliciting a donation and explaining the Civic Fund sent to donor via fax, a Class C Felony | 2007 | 28sss |

AO245B [Rev. 12/03] Judgment in a Criminal Case
Case 2:10-cr-20403-NGE-MKM   ECF No. 516   filed 12/17/13   PageID.16448   Page 3 of 11

Judgment-Page 3 of 11

| 18 U.S.C. § 1343 | Wire Fraud-June 20, 2008, letter soliciting a donation and explaining the Civic Fund sent to donor via fax, a Class C Felony | 2008 | 30sss |
| 26 U.S.C. § 7206(1) | Subscribing False Tax Return, a Class E Felony | 2004 | 31sss |
| 26 U.S.C. § 7206(1) | Subscribing False Tax Return, a Class E Felony | 2005 | 32sss |
| 26 U.S.C. § 7206(1) | Subscribing False Tax Return, a Class E Felony | 2006 | 33sss |
| 26 U.S.C. § 7206(1) | Subscribing False Tax Return, a Class E Felony | 2007 | 34sss |
| 26 U.S.C. § 7206(1) | Subscribing False Tax Return, a Class E Felony | 2008 | 35sss |
| 26 U.S.C. § 7201(1) | Subscribing False Tax Return, a Class E Felony | 2009 | 36sss |

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**See next page for imprisonment terms.**

The court makes the following recommendations to the Bureau of Prisons: **That defendant be placed in a BOP facility as close to Dallas, Texas as possible.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

## ADDITIONAL IMPRISONMENT TERMS

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 336 MONTHS (28 years). Pursuant to the Sentencing Reform Act of 1984, the Court, considering the sentencing guidelines and factors contained in U.S.C. § 3553(a).

Counts 1sss-5sss and 9sss: (Fourth Superseding Indictment) 240 MONTHS on each count, to run concurrently.

Count 17sss: (Fourth Superseding Indictment) 120 MONTHS, to run concurrently with counts 1sss-5sss and 9sss.

Counts 18sss-26sss, 28sss and 30sss: (Fourth Superseding Indictment) 84 MONTHS on each count, concurrent to one another, and consecutive to counts 1sss-5sss, 9sss, and 17sss.

Counts 31sss-36sss: (Fourth Superseding Indictment) 12 MONTHS on each count, to run concurrent to one another and consecutive to all other counts.

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS on Counts 1sss-5sss, 9sss, 17sss, 18sss-26sss, 28sss and 30sss, to run concurrently. ONE (1) YEAR each on Counts 31sss-36sss, to run concurrently with all other counts.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3C - Supervised Release
Case 2:10-cr-20403-NGE-MKM   ECF No. 516   filed 12/17/13   PageID.16452   Page 7 of 11

Judgment-Page 7 of 11

DEFENDANT:  KWAME M. KILPATRICK
CASE NUMBER:  10CR20403-1

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the: **restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

■ The defendant shall provide the probation officer access to any requested financial information.

**The defendant is to make arrangements with the Internal Revenue Service (IRS) regarding a monthly payment plan regarding the payment of back taxes, plus any penalties or interest that may accrue. The defendant is to provide the payment arrangement schedule with the IRS to the probation officer.**

**The defendant is to fully cooperate with the Internal Revenue Service (IRS) by filing all delinquent or amended returns within six months of the sentence date, and to timely file all future returns that come due during the term of probation or supervised release. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the IRS with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest, and penalties due, and otherwise comply with the tax laws of the United States.**

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 2,400.00 | $ 0.00 | $4,779,826.61 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service | $195,403.61 | $195,403.61 | |
| Detroit Water & Sewerage Department | $4,584,423.00 | $4,584,423.00 | |
| **TOTALS:** | $ 4,779,826.61 | $ 4,779,826.61 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    **the interest requirement is waived for the restitution**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$2,400.00** paid October 16, 2013.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

| **Case Number** **Defendant and Co-Defendant Names** **(including defendant number)** | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee, if appropriate** |
|---|---|---|---|
| 10-20403-2 Bobby Ferguson | $4,584,423.00 | $4,584,423.00 | |

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: KWAME M. KILPATRICK
CASE NUMBER: 10CR20403-1

# ADDITIONAL FORFEITED PROPERTY

Forfeiture Money Judgment.

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 1963, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), defendant shall forfeit and pay to the United States the total amount of $4,584,423.00, as such amount constitutes the amount of proceeds obtained as a result of defendants violations of Counts One (18 U.S.C. § 1962(d), Two, Three and Four (18 U.S.C. § 1951), and Nine (18 U.S.C. § 1951) of the Fourth Superseding Indictment. The forfeiture money judgments as to each Count are as follows:

| Count | Money Judgment |
|---|---|
| 1 | $4,584,423.00 |
| 2 & 3 | $2,082,431.00 |
| 4 | $1,349,000.00 |
| 9 | $1,152,992.00 |

The amounts owed under the money judgments are concurrent to one another such that the total amount to be paid by defendant to the United States is $4,584,423.00.

Defendant will be given credit against the amount owed on the $4,584,423.00 money judgment if, and to the extent that, the forfeiture of the specific assets listed in co-defendant Bobby Ferguson's Amended Preliminary Order of Forfeiture (Docket #490) becomes final and the assets are liquid and/or are liquidated.

Defendant is jointly and severally liable to pay the money judgments with his co-defendant Bobby Ferguson.

The Amended Preliminary Order of Forfeiture is incorporated herein by this reference.