UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME M. KILPATRICK,

    Defendant.
_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [614]**

On August 31, 2017, the Court entered an Opinion and Order Calculating Restitution on Remand from the Court of Appeals. (Dkt. # 611). This matter is now before the Court on Defendant Kwame Kilpatrick's motion for reconsideration filed on September 13, 2017. (Dkt. # 614). Defendant argues that the Court's Restitution Order is based on two palpable defects which if corrected will result in a finding that no restitution amount can be ordered. First, Defendant argues that the Court erred in concluding that it could determine bid-rigging and the resulting amount of restitution by a preponderance of the evidence standard. Second, Defendant argues that the Court erred in concluding that there was bid-rigging because such conclusion is not supported by the legal standard or the evidence. For the reasons set forth below, the Court DENIES Defendant's motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues

ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Regarding Defendant's first argument, he now maintains that determining bid-rigging and the resulting restitution amount by a preponderance of the evidence standard is contrary to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant also relies on *Southern Union Co. v. United States*, 567 U.S. 343 (2012) and argues that restitution is a criminal penalty that should be determined beyond a reasonable doubt by the trier of fact.

The Court finds that Defendant has not met his burden on a motion for reconsideration for several reasons. First, Defendant failed to make this argument in his Opposition to Government Restitution Request (Dkt. # 591) and in his Response to Government's Supplemental Brief Regarding Restitution on Remand (Dkt. # 609). A motion for reconsideration is not a vehicle to proffer new arguments that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Second, Defendant previously conceded the opposite of what he now argues. Defendant's Opposition to Government Restitution Request states: "The Count One RICO conspiracy includes allegations that concern CM-2014; however, there was no finding in the jury's verdict about those allegations or about any racketeering acts. . . . A restitution determination on Count One then must first require a finding *by a preponderance* that there is a 'cause' for restitution . . . ." (Dkt. # 591, Pg ID 17286) (citations omitted) (emphasis added). Third, in the order vacating the restitution order and remanding this case for further proceedings, the Sixth Circuit instructed that "[t]he government bears the burden of proving

a victim's actual loss *by a preponderance of the evidence*." (Dkt. # 570, Pg ID 17107) (citation omitted) (emphasis added).

Lastly, Defendant's position is contrary to the law of the Sixth Circuit that *Apprendi* does not apply to restitution. Despite the Supreme Court's expansion of the *Apprendi* rule to cover the facts used to assess criminal fines in *Southern Union*, the Sixth Circuit has held that *Southern Union* did not disturb the Sixth Circuit's holding in *United States v. Sosebee*, 419 F.3d 451, 456, that restitution awards are not subject to *Apprendi* because the restitution statutes do not specify a statutory maximum. *United States v. Churn*, 800 F.3d 768, 782 (6th Cir. 2015) ("Apprendi does not apply to the MVRA."). Accordingly, the Court rejects Defendant's first argument.

Regarding Defendant's second argument, he again argues that any conclusion that there was bid-rigging is not supported by the evidence. Defendant again notes that the DSWD contract award process is complicated and involves subjective evaluation by four anonymous evaluators of a contractor's ability to perform. Defendant again notes that the evaluators considered other factors beyond cost and local economic development factors. Defendant argues that "the evaluators' final result . . . was a difference in scores of only 12 points out of . . . 4,000," and that "[i]t strains credulity and the use of the preponderance test here in the imposition of a criminal penalty to rely on the conclusion that four anonymous evaluators were manipulated to produce a winning bid for Lakeshore Engineering by a margin of .03%." Defendant again argues that there is no direct evidence that Defendant himself called for a change in Superior's evaluation score, and that the third-party testimony in the record allows only for speculation.

3

The Court finds that Defendant has not met his burden on a motion for reconsideration because Defendant merely re-hashes the same arguments he made before. (Dkt. # 591, Pg ID 17287-95). A motion for reconsideration is not a vehicle to re-hash old arguments. *Sault Ste. Marie Tribe*, 146 F.3d at 374. This Court has already considered and rejected these arguments and has discussed at length its reasons for doing so. (Dkt. # 611, Pg ID 17513-17).

For the reasons set forth above,

The Court hereby DENIES Defendant Kwame Kilpatrick's motion for reconsideration (Dkt. # 614).

SO ORDERED.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel  
        Case Manager