UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Case No. 10-20403

                                                      Honorable Nancy G. Edmunds

v.

KWAME M. KILPATRICK (D-1),

    Defendant-Petitioner.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [648]
AND DENYING PETITIONER'S MOTION TO DISQUALIFY JUDGE [649]**

**I.    Background**

On March 19, 2019, the Court entered an Order Denying Defendant-Petitioner Kwame Kilpatrick's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. 645.) Judgment was entered on the same date. (Dkt. 646.) This matter is now before the Court on Defendant's motion for reconsideration, (dkt. 648), and Defendant's motion to disqualify Judge Nancy G. Edmunds under 28 U.S.C. § 455(a), (dkt. 649), which were both filed pro se on April 9, 2019. Defendant also filed a number of briefs and exhibits, (dkts. 650, 651, 652, 656, 658, 659), as well as an addendum to his motion for reconsideration, (dkt. 654).[1] The government opposes both

---

[1] Defendant requests oral argument. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(1), however, a court will not hold a hearing on a motion for reconsideration unless the judge orders a hearing. With regard to the motion to disqualify, the Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Local Rule 7.1(f)(2), the Court decides both motions without oral argument.

1

motions. (Dkt. 655.) For the reasons set forth below, the Court DENIES Defendant's motions.

## II. Motion for Reconsideration

### a. Denial of § 2255 Motion

Defendant argues that the Court should reconsider its order denying his § 2255 motion because Judge Edmunds[2] should have recused herself from this case due to an alleged friendship she had with his defense counsel, Jim Thomas ("Defense Counsel"). In support of his argument, Defendant recounts a brief conversation that allegedly took place on August 7, 2012, in his presence during a pretrial conference in chambers. Defendant asserts that Defense Counsel told Judge Edmunds, "Thank you for the lovely card for my wedding. My wife and I truly loved it," and Judge Edmunds responded with, "You are welcome, Jim." (*See* dkt. 648, Pg ID 18311.) Defendant argues that due to this friendship, the Court was biased against him when considering his arguments regarding his right to conflict-free representation.

Under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L. R. 7.1(h)(3). A court generally will not grant a motion for reconsideration

---

[2] The Court will refer to itself as "Judge Edmunds," even though it is awkward, due to the personal nature of the allegations made.

2

that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Defendant's motion for reconsideration under Local Rule 7.1(h) is untimely because it was filed more than fourteen days after this Court entered its order denying his § 2255 motion on March 19, 2019.[3] Because the government objects to the untimeliness of Defendant's motion, it must be denied on this basis alone. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (indicating that a court is required to enforce a time period established by rule if the government raises the issue); *Cook v. United States*, 246 F. App'x 990, 994 (6th Cir. 2007) (unpublished) (noting that "district courts must observe the clear limits of time prescriptions when they are properly invoked") (internal quotations and citation omitted). And while pro se filings are construed liberally,[4] this does not excuse the "fail[ure] to adhere to readily comprehended court deadlines." *See May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (unpublished).

And even *if* the Court construes Defendant's motion as a timely motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e),[5] Defendant is not

---

[3] Defendant invokes the prisoner mailbox rule, under which a motion is considered filed on the date the prisoner delivers it to prison authorities for forwarding to the court clerk. *See Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007). Defendant's motion for reconsideration is dated April 4, 2019. Thus, even under the prisoner mailbox rule, it is untimely.

[4] Defendant points to this general principle but fails to note that he is a former attorney.

[5] The standards for a motion under Local Rule 7.1(h) and Rule 59(e) are similar, *see Quatrine v. Berghuis*, 751 F. App'x 885, 888 (6th Cir. 2018) (unpublished), but a party has twenty-eight days to file a motion under the latter. Defendant does not cite to Rule 59(e) anywhere in his motion, but the courts sometimes construe a motion for reconsideration as a motion under Rule 59(e). *See, e.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). The Sixth Circuit has noted, however,

entitled to relief. First, Defendant has not identified a palpable defect by which the Court and the parties have been misled. *See* E.D. Mich. L. R. 7.1(h)(3). Moreover, this is the first time Defendant makes his argument regarding the purported friendship between Judge Edmunds and Defense Counsel, even though he could and should have raised it in as early as August of 2012, when the conversation he now relays allegedly took place. Thus, the Court need not address it on a motion for reconsideration. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that parties should not use motions for reconsideration "to raise arguments which could, and should, have been made before judgment issued"). And even if Defendant had raised his recusal claim in his § 2255 motion, this issue has been procedurally defaulted because Defendant did not raise it on direct appeal and he has not presented anything in his motion that would excuse his default. *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Finally, to the extent Defendant reasserts his arguments regarding his right to conflict-free representation and a purported error in the jury instructions, the Court need not reconsider these arguments it previously considered and rejected. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (noting that motions for reconsideration "are not the proper vehicle to relitigate issues previously considered") (internal quotations and citation omitted). In sum, not only is Defendant's motion for reconsideration untimely, but also there is no need to address it on the merits.

---

that "this approach makes little sense in the Eastern District of Michigan, which has a local rule specifically providing for a motion for reconsideration." *Papas v. Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 574 (6th Cir. 2013). Nonetheless, the Court will continue its analysis to demonstrate that Defendant's motion fails even if it is timely.

### b. Denial of Certificate of Appealability

In an "addendum" to his motion for reconsideration, Defendant argues that if the Court does not reconsider its denial of his § 2255 motion, it should alternatively reconsider its decision to deny him a certificate of appealability on the issue of whether the jury instructions in this case were erroneous in light of *McDonnell v. United States*, 136 S. Ct. 2355 (2016). (Dkt. 654.) In support of this argument, he cites to an order issued by the Sixth Circuit on March 27, 2019, granting a defendant who similarly raised a *McDonnell* claim in his § 2255 motion a certificate of appealability on the issues of whether "the district court's jury instructions regarding an 'official act' were erroneous in light of *McDonnell*," and whether that "instructional error, if any, was harmless."[6] *See Dimora v. United States*, No. 18-4260, dkt. 9-2 (6th Cir. Mar. 27, 2019). As noted above, Defendant's motion for reconsideration is untimely. Moreover, this Court previously addressed Defendant's *McDonnell* claim at length, finding it both procedurally defaulted and unavailing. *See United States v. Kilpatrick*, No. 10-20403, 2019 U.S. Dist. LEXIS 44570, at *4-14 (E.D. Mich. Mar. 19, 2019). Nonetheless, the Court will address the Sixth Circuit's recently issued order briefly.

There are a number of distinguishing factors between this case and *Dimora* that support the Court's conclusion that Defendant's *McDonnell* argument does not similarly deserve encouragement to proceed beyond the certificate of appealability stage. First, the defendant in *Dimora* had preserved his *McDonnell* claim by raising its essence

---

[6] The Sixth Circuit also granted the defendant in *Dimora* a certificate of appealability on a third issue: whether "the exclusion of his ethics reports at trial was still harmless when combined with any instructional error." However, that issue is irrelevant here.

throughout his prosecution and on direct appeal, and thus the district court decided it on the merits. *See Dimora v. United States*, No. 1:10CR387, 2018 U.S. Dist. LEXIS 180870, at *21 (N.D. Ohio Oct. 22, 2018). In contrast, Defendant procedurally defaulted his *McDonnell* claim, and this Court only addressed it to show that even if it had not been defaulted, any alleged error was harmless. *See Kilpatrick*, 2019 U.S. Dist. LEXIS 44570, at *6. This distinction alone is a sufficient basis for denying Defendant a certificate of appealability on his *McDonnell* claim. Moreover, there were several instances in *Dimora* where the government had urged the jury to convict the defendant for conduct that did not fit *McDonnell*'s definition of an "official act," but the district court found that those acts would have been disregarded by a rational juror applying its instructions. *See Dimora*, 2018 U.S. Dist. LEXIS 180870, at *81. Here, as this Court previously found, each of Defendant's convictions was based upon the approving, awarding, or withholding of a different Department of Water & Sewerage for the City of Detroit contract, which satisfies *McDonnell*'s narrower definition of "official act."[7] *See Kilpatrick*, 2019 U.S. Dist. LEXIS 44570, at *10-11. In sum, the Sixth Circuit's order granting the defendant in *Dimora* a certificate of appealability does not lead this Court to reconsider its denial of a certificate of appealability in this case.

### III. Motion to Disqualify Judge Edmunds

Defendant also cites to the same conversation that allegedly took place on August 7, 2012, to argue that Judge Edmunds should be disqualified from his case

---

[7] Not only was there an official act underlying all of Defendant's convictions, but also all of his extortion convictions, except one, rested on a wrongful fear of economic harm theory (either exclusively or in addition to also resting on a color of official right theory) and *McDonnell* is inapplicable to that theory. *See Kilpatrick*, 2019 U.S. Dist. LEXIS 44570, at *12-14.

under § 455(a). Section 455(a) requires any judge of the United States to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."

The Court first finds Defendant's motion moot. Mootness depends on "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *See McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (internal quotations and citation omitted). Defendant requests that Judge Edmunds be disqualified from deciding his § 2255 motion, but the Court has already denied that motion and judgment has been entered. *See Kilpatrick*, 2019 U.S. Dist. LEXIS 44570, at *55; dkt. 646. And while Defendant has filed a motion for reconsideration, the Court need not consider it for the reasons discussed above. Also, prisoners have no automatic right to appeal a district court's denial of relief under § 2255 unless a circuit justice or district court judge issues a certificate of appealability, 28 U.S.C. § 2253(c)(1)(B), and this Court has already denied Defendant a certificate of appealability, *see Kilpatrick*, 2019 U.S. Dist. LEXIS 44570, at *54-55. In sum, even if Judge Edmunds were to recuse herself from this case, it would make no difference to Defendant. Thus, Defendant's motion for disqualification should be denied as moot.

And even if Defendant's motion to disqualify is not moot, the Court finds that it fails for two additional reasons. First, § 455 requires that disqualification motions be timely. *See In re City of Detroit*, 828 F.2d 1160, 1167 (6th Cir. 1987) (finding this requirement implicit in § 455 and supported by the statute's legislative history). "A disqualification motion filed after trial and judgment is generally considered untimely." *Waggoner v. Dallaire*, 649 F.2d 1362, 1370 (9th Cir. 1981). In other words, "[a] defendant cannot take his chances with a judge and then, if he thinks that the sentence

is too severe, secure a disqualification and a hearing before another judge." *Taylor v. United States*, 179 F.2d 640, 642 (9th Cir. 1950). A delay in bringing a disqualification motion may be excused only if there is a showing of good cause. *See Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F. Supp. 609, 611-12 (E.D. Mich. 1989).

In *United States v. Murphy*, 768 F.2d 1518, 1538 (7th Cir. 1985), the Seventh Circuit found that the close relationship between the judge and the prosecutor, including plans to vacation together immediately after sentencing, gave an appearance of impropriety. Yet, the court refused to grant defendant a new trial in the absence of a showing of actual impropriety or actual prejudice due to the delay in bringing his disqualification motion. *Id.* at 1541. In so doing, the court noted that "[a] criminal trial is too serious and too costly to permit a defendant to sit on possible errors, hoping to have a crack at an acquittal (or low sentence) and then still a second trial." *Id.*

Here, Defendant was aware of the conversation that allegedly took place between Judge Edmunds and Defense Counsel prior to trial. Not only did he fail to bring his disqualification motion at the time, but he also did not raise his claim of impartiality at any time prior to judgment and sentencing. This alone renders his motion untimely. Moreover, Defendant did not raise this issue on direct appeal. Nor did he raise it when he filed his § 2255 motion in June of 2017. Instead, Defendant waited until after this Court denied his § 2255 motion in 2019 to raise an issue he has been aware of and could have raised over six and a half years ago. Defendant cannot bring a disqualification motion merely to "try[] to avoid an impending adverse decision." *See In re Detroit*, 828 F.2d at 1167-68. And he has not presented anything in his motion that would excuse the delay. Thus, Defendant's motion to disqualify is denied as untimely.

*See, e.g., id.* at 1168 (finding claims of bias untimely because they "could have been raised two or three years earlier"); *United States v. Burns*, Nos. 86-10, 86-26, 1988 U.S. Dist. LEXIS 12635, at *12-13 (E.D. Ky. Oct. 14, 1988) (finding a motion for disqualification untimely because it could have been raised prior to sentencing).

And even if Defendant could establish good cause for the untimeliness of his motion, the Court finds that the motion lacks merit. Section 455(a) imposes an objective standard; thus, a judge must recuse herself only "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (internal quotations and citation omitted). "[T]he judge need not recuse [her]self based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotations and citation omitted). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (unpublished) (internal quotations and citation omitted).

Even if Defendant's allegations are true and a wedding card was given by Judge Edmunds to Defense Counsel, this does not indicate that there was anything more than a collegial, professional relationship between them. Sending a wedding card is a "common" occurrence that would not lead a reasonable observer to question a judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003) (finding that a letter of appreciation from the judge to a citizen who supported his nomination would not appear to a reasonable observer as a sign of partiality). In fact, many courts "have held that a judge need not disqualify [her]self just because a friend—even a close

9

friend—appears as a lawyer." *Murphy*, 768 F.2d at 1537-38 (citing cases). As articulated by the Seventh Circuit,

> [i]n today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut [her]self off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges.

*Id.* at 1537. Only if "the association [between the judge and attorney] exceeds 'what might reasonably be expected' in light of the associational activities of an ordinary judge" may "the unusual aspects of a social relation . . . give rise to a reasonable question about the judge's impartiality." *Id.* at 1538 (quoting *Parrish v. Bd. of Comm'rs*, 524 F.2d 98, 104 (5th Cir. 1975)). Here, there are no unusual aspects to the relationship between Judge Edmunds and Defense Counsel, nor are any alleged, and thus a reasonable person would not question Judge Edmunds' impartiality.

Section 455(a) does not rest on a judge's personal bias or prejudice, but to the extent Defendant argues that Judge Edmunds was biased against him, the Court notes that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Even though the Court resolved the conflict-of-interest issues in a manner that allowed Defense Counsel to continue his representation of Defendant, this does not constitute evidence of bias. Moreover, the Sixth Circuit has considered and rejected Defendant's conflict-of-interest claim on the merits, further undermining his claims of bias. *See United States v. Kilpatrick*, 798 F.3d 365, 374-76 (6th Cir. 2015). In sum, Defendant falls far short of satisfying his burden of proving that disqualification was warranted in this case.

Finally, the Court will address Defendant's request for discovery and an evidentiary hearing held by another district court judge. The Court first notes that it is proper for the challenged judge to rule on a motion to disqualify. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169, at *5-6 (6th Cir. Oct. 15, 1992) (unpublished) (finding this position supported by both the text and the legislative history of § 455); *see also Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982) (noting "[t]he challenged judge is most familiar with the alleged bias or conflict of interest" and "recusal motions should only be transferred in unusual circumstances"). "A recusal motion is committed to the sound discretion of the district judge, and on appeal [the Sixth Circuit] ask[s] only whether [s]he has abused h[er] discretion." *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984) (internal quotations and citation omitted). And with regard to Defendant's request for discovery and an evidentiary hearing, the Court finds both unnecessary. As discussed above, Defendant's motion to disqualify is moot and untimely. And even if the Court were to decide the motion on the merits, Defendant fails to meet his burden of establishing that a reasonable person, knowing all of the circumstances, would question Judge Edmunds' impartiality. Defendant's request for discovery and an evidentiary hearing before another district court judge is denied.

IV.   **Conclusion**

For the reasons set forth above, the Court hereby DENIES Defendant's motion for reconsideration and DENIES Defendant's motion for disqualification pursuant to § 455(a).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 22, 2019


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager