UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Case No. 10-20403

                                                    Honorable Nancy G. Edmunds

v.

KWAME M. KILPATRICK (D-1),

    Defendant-Petitioner.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [661]
AND DENYING PETITIONER'S "MOTION TO REQUEST REVIEW
BY CHIEF JUDGE DENISE PAGE HOOD" [662]**

    **I.**    **Background**

On May 22, 2019, the Court entered an Order Denying Defendant-Petitioner Kwame Kilpatrick's Motion for Reconsideration of the Court's earlier denial of his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Denying his Motion to Disqualify Judge Nancy G. Edmunds under 28 U.S.C. § 455(a). (Dkt. 660.) The matter is now before the Court on two motions filed by Defendant. (Dkts. 661, 662.) For the reasons set forth below, the Court DENIES both motions.

    **II.**    **Motion for Reconsideration**

On May 28, 2019, Defendant filed a timely motion for reconsideration of the Court's order denying his motion for disqualification. (Dkt. 661.)

Under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. For the motion to succeed, the movant "must not only

1

demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

Defendant argues that the Court erred in the way it calculated the fourteen-day period after entry of its order denying his § 2255 motion. Setting aside the fact that there was no error, this calculation had no bearing on the Court's finding that Defendant's motion to disqualify was untimely. The Court concluded that Defendant's motion for reconsideration, not his motion to disqualify, was untimely because it was filed after this fourteen-day period.[1] (*See* dkt. 660, Pg ID 18415.) With regard to Defendant's motion to disqualify, the Court concluded it was untimely because it was filed over six and a half years after Defendant became aware of the factual basis for his claim—after completion of his trial, sentencing, direct appeal, and § 2255 motion. (*See id.*, Pg ID 18420.) Thus, Defendant has not identified a palpable defect by which the Court and the parties have been misled.

Defendant also rehashes his arguments regarding whether disqualification was warranted in this case. However, a motion for reconsideration is not "an opportunity to re-argue a case." See *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted); *see also* E.D. Mich. L.R. 7.1(h)(3). The Court will not address these arguments it previously considered and rejected.

---

[1] Defendant avers that the Court did not properly draw a distinction between his motion for reconsideration and motion to disqualify, when it is he who has confounded the two.

### III. "Motion to Request Review by Chief Judge Denise Page Hood"

One day after filing his motion for reconsideration, Defendant filed a motion with the same content entitled "motion to request review by Chief Judge Denise Page Hood of Petitioners motion for disqualification of Judge Nancy G. Edmunds (under section 455(a)) and for Petitioners motion for reconsideration of his section 2255 habeas motion." (Dkt. 662.)

Defendant cites no authority that would allow him to make such a request. In fact, "a defendant does not have a right to have his case heard by a particular judge." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984). Moreover, because the Court has already denied both Defendant's motion for disqualification and his motion for reconsideration, his request is moot. And to the extent he seeks reconsideration of the denial of these motions, the Court has addressed the former above and Defendant is not entitled to reconsideration of the latter.

### IV. Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant's motion for reconsideration [661] and DENIES Defendant's motion "to request review by Chief Judge Denise Page Hood" [662].

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 6, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
