UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME M. KILPATRICK (D-1),

    Defendant.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE [685]**

This matter is before the Court on Defendant Kwame M. Kilpatrick's motion for early termination of supervised release. (ECF No. 685.) The government opposes the motion. (ECF No. 690.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On March 11, 2013, a jury found Defendant guilty of twenty-four of the thirty counts brought against him: one count of RICO conspiracy, 18 U.S.C. § 1962(d); four counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; one count of bribery, 18 U.S.C. § 666(a); eleven counts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343; five counts of subscribing a false tax return, 26 U.S.C. § 7206(a); and one count of income tax evasion, 26 U.S.C. § 7201. (ECF No. 277.) These convictions stem from Defendant's time as a state legislator and as Mayor of the City of Detroit. The Court sentenced Defendant to be imprisoned for a term of 336 months. (ECF No. 516.) The

1

Sixth Circuit affirmed Defendant's convictions and sentence, *see United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015),[1] and the Supreme Court denied his petition for a writ of certiorari, (ECF No. 577). This Court later denied Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 645.) On January 13, 2021, Defendant was granted clemency by the President of the United States and his sentence was commuted to time served. (ECF No. 673.) At the time, his projected release date was January 18, 2037. (*Id.*) The grant of clemency did not alter either the three-year term of supervised release imposed at the time of sentencing or this Court's restitution order. (*See id.*)

## II. Legal Standard

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When making this determination, the Court considers the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or

---

[1] While the Sixth Circuit affirmed Defendant's convictions and sentence, it reversed the Court's restitution award of $4,584,423 to the City of Detroit's Water & Sewerage Department. *Kilpatrick*, 798 F.3d at 387-90. On remand, the Court ordered Defendant to pay restitution in the amount of $1,520,653.50. *United States v. Kilpatrick*, No. 10-20403, 2017 U.S. Dist. LEXIS 140562, at *1 (E.D. Mich. Aug. 31, 2017). The Sixth Circuit affirmed that award. *United States v. Kilpatrick*, 749 F. App'x 442, 443 (6th Cir. 2018).

other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; any pertinent policy statement issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense.  § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

### III.     Analysis

Defendant asserts that early termination of his supervised release is warranted because he has matured and learned from his mistakes; has worked hard to become a responsible, law-abiding, and productive citizen; and accepts responsibility for his criminal conduct.  The government argues that the relevant sentencing factors weigh against granting Defendant the relief he seeks.

As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).  Similarly, "productive employment, while laudable, does not justify the termination of supervision." *See United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (citation omitted).  Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

Here, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release.  Defendant states that he wishes

3

to travel as a part of his new job as an ordained minister, but he admits that the probation office has approved his travel requests in the past. And any purported hardship due to the requirement that he seek prior approval for any travel is not sufficient to justify early termination.

Defendant committed very serious crimes, and he still owes a significant amount of restitution. The balance of his restitution obligation in this case is $192,403.61 to the Internal Revenue Service. And Defendant has a history of spending his money on a lavish lifestyle rather than paying off his obligations. Defendant has only made a little over $5,000 in payments towards his restitution obligation in this case. Yet, as recently as 2022, Defendant and his wife sought to raise $800,000 to purchase a residence in a gated, luxury community in Orlando, Florida. While that effort was later canceled, it demonstrates a desire to resume his former lifestyle, rather than a focus on repaying the debts he owes. By continuing Defendant's supervised release, the Court will ensure that Defendant will remain under supervision during continuing efforts to collect the restitution owed in this case.

Moreover, Defendant's own recent statements to the media belie the assertion that he "unequivocally accepts responsibility for his criminal conduct." (*See* ECF No. 685, PageID.18862.) For example, during an interview on the *Today* show, Defendant admitted committing perjury and lying about his extramarital affair but flatly denied committing the twenty-four federal crimes of which he was found guilty. Such statements undermine society's faith in our criminal justice system and do not show an acceptance

of responsibility. In sum, the Court finds that the relevant sentencing factors, as a whole, weigh against early termination of supervised release.[2]

### IV. Conclusion

For the foregoing reasons, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: February 2, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager

---

[2] Defendant also asks the Court to declare the $1,520,653.50 money judgment owed to the City of Detroit in this case satisfied. This request stems from the belief that he has not received credit for assets seized from his co-defendant, Bobby Ferguson. But Defendant has already received credit for payments made by Mr. Ferguson. Thus, this request is denied.