# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION



FILED

DEC 08 2025

CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

CASE NO. #: 2:10-cr-20403-NGE-MKM-1

v.

KWAME M. KILPATRICK,
   Defendant-Petitioner.

_____/

Assigned to: District Judge Nancy G. Edmunds

Case title: United States of America v. Kilpatrick et al

Related Case: 2:17-cv-12171-NGE

Appeals court case numbers: 12-1987 U.S. Court of Appeals - Sixth Circuit, 13-1556 U.S. Court of Appeals - Sixth Circuit, 13-2500 U.S. Court of Appeals - Sixth Circuit, 17-2208 U.S. Court of Appeals - Sixth Circuit, 17-2208 U.S. Court of Appeals - Sixth Circuit, 19-1683 U.S. Court of Appeals - Sixth Circuit

## MOTION TO MODIFY/TERMINATE RESTITUTION

**Introduction:**

Comes Now Defendant Kwame M. Kilpatrick, (hereinafter, "Kilpatrick") pursuant to 18 U.S.C. § 3583(e)(1), respectfully moves this Honorable Court to terminate his term of supervised release and grant permission to travel. In support of this motion, Kilpatrick submits the following.



## PRELIMINARY STATEMENT

As a preliminary matter, Kilpatrick respectfully requests that this Court be mindful that prose pleadings are to be construed liberally. See, Estelle v. Gamble, 429 U.S. 97,106 (1976); and Haines v. Kerner, 404 U.S. 519,520 (1972) (same).

### I.     Background:

On March 11, 2013, a jury found Kilpatrick guilty of twenty-four of the thirty counts brought against him: one count of RICO conspiracy, 18 U.S.C. § 1962(d); four counts of extortion, 18 U.S.C. § 1951; one count of attempted extortion, 18 U.S.C. § 1951; one count of bribery, 18 U.S.C. § 666(a); eleven counts of mail and wire fraud, 18 U.S.C. §§ 1341, 1343; five counts of subscribing a false tax return, 26 U.S.C. § 7206(a); and one count of income tax evasion, 26 U.S.C. § 7201. (Dkt. 277.)

The Court sentenced Kilpatrick to be imprisoned for a term of 336 months. (Dkt. 516.) The Sixth Circuit affirmed Kilpatrick's convictions, see United States v. Kilpatrick, 798 F.3d 365, 372 (6th Cir. 2015). While the Sixth Circuit affirmed his convictions, it reversed the Court's restitution award of $4,584,423 to the City of Detroit's Water & Sewerage Department. Kilpatrick, 798 F.3d at 387-90. On remand, the Court ordered Defendant to pay restitution in the amount of $1,520,653.50. United States v. Kilpatrick, No. 10-20403, 2017 U.S. Dist. LEXIS 140562, at *1 (E.D. Mich. Aug. 31, 2017). Thereafter, the Supreme Court denied his petition for a writ of certiorari, (Dkt. 577).

Kilpatrick timely filed this pro se motion to vacate his sentence under 28 U.S.C. § 2255. (Dkts. 599, 601, 605, 610.) The Government filed a response, (Dkts. 613, 626), and Kilpatrick filed a reply as well as several briefs and exhibits, (Dkts. 620,



621, 622, 623, 628, 629, 630, 631, 632, 633, 638). Kilpatrick's section 2255 motion was denied.

## I. Executive Grant of Clemency:

On January 21st, 2021, President Donald J. Trump granted Kilpatrick executive clemency, noting that "it has been made to appear that the ends of justice do not require the said KWAME MALIK KILPATRICK to remain confined until his currently projected release date of January 18 2037, and **the safety of the community will not be compromised if he is released**". (See attachments).

## II. Relevant Background and Facts:

Kilpatrick the former mayor of Detroit, was sentenced to 28-years in Federal Prison for Public corruption. After being granted clemency, he was re-sentenced to time served and a period of supervised release of three (3) years. Kilpatrick spent approximately 8-years in Federal prison and completed 3-years on supervised release.

While incarcerated and on supervision, Kilpatrick has demonstrated that he has matured and learned from his past failures. Kilpatrick has worked hard to become a responsible husband, father, Pastor, and productive citizen. In prison Kilpatrick took many programs, relevant herein Authentic Manhood, Bible courses, carpentry, culinary arts, and the like. He also assisted many other inmates with their appellate court cases, commutation and pardon applications.

Kilpatrick makes no excuses for his past actions. In his pursuit of transformation, he made exceptional strides in becoming all that he was born to be. Kilpatrick's record of rehabilitation, reentry, and post-prison success can be considered extraordinary, and spells out what Congress intended when it stated that "a sentence should be sufficient but not greater than necessary to achieve the goals of

③

sentencing one of which is rehabilitation." He has completed numerous rehabilitative programs. He has also maintained steady employment while in prison as well with excellent work reports. Kilpatrick worked in the chapel 6 out his 8-years in prison. And he was the chapels worship leader for about three (3) years. He has continued this type of diligent service since his release.

Currently, Kilpatrick is re-married and living back in Michigan. He is an ordained minister. He is invited to preach, teach, and speak throughout the United States of America, Africa, and the Caribbean. All while he continues his advocacy for inmates inside of State and Federal prisons. He also served as the full-time caregiver for his mother for nearly 3-years, who was non-ambulatory and needed 24-hour care for all that time before her ultimate demise in October of 2025.

## DISCUSSION

In a letter dated December 20, 2023, signed by DAWN N. ISON (United States Attorney for the Eastern District – Michigan), and JESSICA A. NATHAN (Assistant United States Attorney for the Eastern District – Michigan) stated:

*"On September 25, 2017, a judgment imposing $1,716,057.11 in criminal restitution was imposed against you. Although former President*

*Trump commuted your sentence, the restitution obligation remains... As of November 29, 2023, your outstanding restitution balance is **$164,584.42**."*

The court reduced the restitution obligation for KWAME M KILPATRICK from **$1,716.057 to $164,584.42** after applying credits from payments made towards the account by KILPATRICK and his co-defendant BOBBY FERGUSON.



**Currently, the court balance for outstanding restitution is currently not more than $155,000.**

In a written opinion by this court filed on February 2, 2023, in the matter UNITED STATES OF AMERICA v. BOBBY W FERGUSON, the court opined:

*"The current balance of his restitution obligation in this case is **$2,628,374.86 to the City of Detroit**."*

The court reduced the restitution obligation for defendant BOBBY W FERGUSON from **$6,284,000.00 to $2,628,374.86.**

These reductions of the restitution obligation for both KILPATRICK and FERGUSON, have been apparently related to applied values of forfeiture property seized from defendant BOBBY W FERGUSON. Defendant KILPATRICK did not have any forfeiture actions within this case.

The applied forfeiture funds to BOBBY W FERGUSON restitution obligation were approximately $3,655,625.14. Minus cash amounts BOBBY W FERGUSON paid towards his monthly restitution obligation himself.

The forfeiture funds applied to KWAME M KILPATRICK restitution obligation were approximately $1,522,057.11. Additionally, KWAME M KILPATRICK received a credit (according to this court's judgment order) for cash payments that KILPATRICK made towards his restitution obligation.

Defendants KILPATRICK and FERGUSON are **jointly and severally liable** for the restitution obligation in the criminal case in chief. *(According to the Court's Judgement Order of September 25, 2017)*



**The court stated in its "JUDGMENT IN A CRIMINAL CASE; UNITED STATES OF AMERICA v KWAME M KILPATRICK" on September 25, 2017, page 10 of 11:**

"JUDGMENT PAGE 10 of 11

SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

   (A) Lump sum payment of $2400.00 paid October 2013.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are made to the Clerk of the Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Joint and Several."

The amount of Restitution is $1,520,653.50


JUDGMENT PAGE 11 of 11

ADDITIONAL FORFEITED PROPERTY

"Forfeiture Money Judgment.

The amounts owed under the money judgments are concurrent to one another such that the total amount to be paid by the defendant to the United States is $1,520,653.50.



**Defendant will be given credit against the amount owed on the $1,520,653.50 money judgment if, and to the extent that, the forfeiture of the specific assets listed in co-defendant Bobby Ferguson's Amended Preliminary Order of Forfeiture (Docket #409) becomes final and the assets are liquid and/or are liquidated.**

**Defendant is jointly and severally liable to pay the money judgments with his co-defendant Bobby Ferguson."**

DEFENDANT KILPATRICK has complied with the court's order. Kilpatrick has paid *the total criminal monetary penalties of $2400*. KILPATRICK participated in the *Inmate*

*Financial Responsibility Program* during his incarceration and made monthly payments towards restitution. KILPATRICK also continued to make monthly restitution payments

upon his release. *(The monthly restitution payment amount was set by the Federal Probation Office in Georgia)*

Also, the Amended Order of Forfeiture has in-fact become final and assets have been liquidated. There are also seized liquid assets as well under the forfeiture order. These liquidated

and liquid amounts should be applied as a credit against the amount that Mr. Kilpatrick owes on the $1,520,653.50 money judgment. Heretofore, approximately $1,522,057.11 of the

$3,655,625.14 of the liquidated assets and/or seized liquid assets have been applied as a credit to defendant KILPATRICK'S outstanding restitution obligation.

Per the Court's Judgment and Order, all these liquidated assets and seized liquid assets should be applied.
*(The restitution amount was adjusted by the Financial Litigation Unit of the United States Attorney Office to be $1,716,057.11. KILPATRICK has not been informed by the USAO as to why the amount was changed from the amount used in the Court's Judgment).* *United States Department of Justice Letter, December 20, 2023*



The final liquidated and liquid asset amounts total more than both the outstanding restitution obligation in the Court's Judgment Order *(September 25, 2017)*. Also, the final

liquidated and liquid asset amounts total more than the adjusted outstanding restitution obligation in the United States Attorney Office of December 20, 2023.

When the liquidated and liquid asset amounts are properly applied to the outstanding restitution balance for KILPATRICK (which is currently not more than $155,000), the debt will

be completely paid in-full. Therefore, Mr. Kilpatrick's money judgment in this case has been satisfied.

## CONCLUSION

For the foregoing reasons Kilpatrick respectfully requests this Court grant his request to MODIFY/TERMINATE RESTITUTION. Termination of Kilpatrick's Restitution Obligation

is Appropriate. He has met the financial obligation in this matter. Currently his personal trajectory is the right one and leaving the criminal justice system now, for good, is the

appropriate next step on his path.

Denying Kilpatrick could potentially stymy his professional progress and ability to

earn adequate income for his family. As well as have a chilling effect for those

whom he mentors, counsel and teach how to be law-abiding citizens.

When released from this restitution burden (and the surrounding activities by

federal attorneys, agencies, and media) he would be able to seek, produce, and

achieve additional opportunities for the betterment of his family and community.

The intense public scrutiny borne from vast misinformation about the restitution

amounts, restitution payments, and the like, has continued to cause significant loss



in opportunities; employment, Board appointments, educational opportunities, and the like.

Kilpatrick respectfully requests that the Court recognize the severe private, public, and community penalty he has paid for the offenses charged in this matter and the progress he has made over the last 12 years, by correctly modifying the present balance of outstanding restitution *(according the Court's Order from September 25, 2017)* and prayerfully terminate any further payments or actions in this matter.

Respectfully Submitted,

*[signature]*

Kwame M. Kilpatrick, pro-se
200 Swing St
Northville MI 48167

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 8, 2025, the foregoing PRO-SE MOTION TO MODIFY/TERMINATE RESTITUTION PURSUANT TO 18

U.S.C. SECTION 3583(e)(1) was served upon the U.S. Attorney for the EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION and the United States Probation Office for the Eastern District of Michigan, both provided via in-person delivery.





**United States Department of Justice**

United States Attorney's Office
Eastern District of Michigan

*Jessica A. Nathan*
Assistant United States Attorney

211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Telephone: (313) 226-9643
Facsimile: (313) 226-3800
E-Mail: Jessica.Nathan@usdoj.gov

December 20, 2023

Mr. Kwame M. Kilpatrick


Re:   *United States v. Kwame M. Kilpatrick, et al.*
      Criminal No. 10-cr-20403 (E.D. Mi.)
      Name: Kwame M. Kilpatrick aka Kwame Malik Kilpatrick

Dear Mr. Kilpatrick,

On September 25, 2017, a judgment imposing $1,716,057.11 in criminal restitution was imposed against you. Although former President Trump commuted your sentence, the restitution obligation remains.

Prior to taking further enforcement action in the collection of your restitution as provided by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, we invite you to communicate with our office concerning your current financial circumstances and payment of your outstanding restitution. Recent reports disclose you earn income through various speaking engagements, are the CEO of Movemental Ministries, and have recently taken on an Executive Director role with Taking Action for Good, a non-profit working in criminal justice reform. Financial forms have also been provided for completion through Probation Services.

As of November 29, 2023, your outstanding restitution balance is **$164,584.42**. Although [handwritten: *New Restitution Amount owed!*] your term of supervised release is set to expire on January 19, 2024, any outstanding restitution will need to continue to be repaid until the balance is paid in full.

If we do not hear from you by **Friday, January 19, 2024**, our office will commence with its standard enforcement practices, including but not limited to, writs of garnishments, execution, and levy. If you have retained counsel for this matter, please forward this letter to your attorney. I can be reached directly at the above phone number or email.

[SIGNATURE ON NEXT PAGE]



                Sincerely,

                DAWN N. ISON
                United States Attorney

By:   s/ Jessica A. Nathan
       JESSICA A. NATHAN
       Assistant United States Attorney

cc:
Alexander Moody, United States Probation Office

